STATE EX REL. BOOZE *v.* CRESSWELL. .

[78 South. 770, Division B.] ·

1.  MUNICIPAL CORPORATIONS.  *Officers.  Holding over term.  Election.*
    Under Code 1906, section 3435, fixing the term of municipal officers "For two years and until their successors are elected and qualified," a duly elected mayor is entitled to remain in office beyond his term where no successor had been elected because of the failure to order an election at the proper time.

2.  MUNICIPAL CORPORATIONS.  *Officers.  Statutes.*
    Code 1906, section 3435, by which municipal officers have a right to hold office until their successors ore elected and qualified, was not repealed by Laws 1908, chapter 100, providing the manner in which vacancies in office shall be filled since the title of such Act of 1908 contains no mention of section 3435, Code 1906, but in precise terms amends section 3459, Code 1906, and that section only.

3.  STATUTES.  *Amendments.  Identification of act amended.*
    The only means by which a statute can be amended if the consti-

tutional requirements are to be observed is to specifically mention in the amending act the statute to be amended.

4. MUNICIPAL CORPORATIONS. *Offices. Filling vacancies. Constitutional provisions.*

Where a duly elected mayor continued in office after his regular term had expired because no election had been held at the proper time, this did not justify the governor in appointing a successor under Constitution 1890, section 103, authorizing him to make provisional appointments to fill vacansies in case of emergency, since in such case no emergency existed for which the law did not provide, and there was no vacancy which was not cared for by section 3435, Code 1906.

5. STATUTE. .. *Intention of legisl. ure.*

The legislature in enacting a law cannot be credited with the thought to change, amend, or repeal a statute which they did not mention in the act or have under consideration at the time.

6. PLEADING. *Conclusions. Validity of execution order.*

The invalidity of an order calling an election was not sufficiently pleaded, where the petition did not set out the order but merely alleged it to be void because of indefiniteness and uncertainty, since in such case the court has no means of judging of the sufficiency of the order.

7. MUNICIPAL CORPORATIONS. *Council. Proceedings. Votes.*

The mayor of a municipality has no vote unless there is a tie, and his vote for an order or ordinance is of no effect if there is a unanimous vote by the aldermen.

APPEAL from the circuit court of Bolivar county.
HON. W. A. ALCORN, Jr., Judge.

*Quo Warranto* by the state on the relation of E. P. Booze against B. F. Cresswell. From an order sustaining defendant's demurrer to complaint, relator appeals.

The facts are fully stated in the opinion of the court.

*George Butler,* for appellant.

It is first argued that chapter 190, Laws of 1908 is not applicable to the facts of this case, because the same undertakes to amend section 3459, Mississippi Code of

1906, relating to "officers." This is a total misconception of the purpose of chapter 190, of the Laws of 1908. In the first place, chapter 101 of the Code of 1906, wherein appears section 3459, as repeatedly construed by this court, applies to all officers. Section 3459 provides: "The term of office of all officers, not otherwise provided for by law, shall be four years and until their successors shall be duly qualified."

In *Waveland* v. *Moreau*, 109 Miss. 407, and *State* v. *McDowell*, 111 Miss. 596, it was held that this provision of the chapter related to all officers, and so section 3463 as construed in *Gloster* v. *Harrell*, 77 Miss. 793, and *Adams* v. *Williams*, 97 Miss. 113, applies to all officers and so was section 3473 of the same chapter in *Rosetto* v. *Bay St. Louis*, 97 Miss. 409, held applicable to all officers.

Moreover, by its express terms section 3459 applies to "any office" the same as section 3477. It is entirely too narrow a view to say that chapter 101 of the Code of 1906, applies to only state, county or municipal officers.

Again, the very purpose of chapter 190 of the Laws of 1908, was to change the rule announced by the supreme court in the case of *State* v. *Hays*, 91 Miss. 755.

The case of *State* v. *Hays*, was decided March 2, 1908, while the legislature was in session and almost immediately thereafter the act which now appears as chapter 190 of the Law of 1908, was introduced and was finally passed on March 20, 1908, just eighteen days after the decision of *State* v. *Hays, supra*. It had no other purpose than to change the mischievous rule announced in the Hays case, which was a contest involving the right to a municipal office.

(2) In the Hays case the court held that section 3459 of the Code of 1906, did not apply to the facts of that case for the reason that it applies to the case of a person elected to any office and failing to qualify as

required by law, and that no such person had been elected. Judge Mayes, speaking, as the organ of the court said: "If the legislature had intended this section to apply to this state of case, it would have been easy for it to have said so. 'If the legislature had said in this section, if any person elected to any office shall fail to qualify as required by law' and had added 'or for any reason any person voted for at an election and receiving a majority of the votes cast, be ineligible to the office, and cannot qualify, etc.' it would have covered this case."

The legislature did not write the identical words suggested by the court into the statute, but it did add: "or if for any cause an officer should hold over after his regular term of office expires, under the authority given him to hold over until his successor is elected, and qualified, a vacancy in such office shall occur thereby."

(3) It is next stated that chapter 190 of the Laws of 1908, as amendatory of section 3435 of the Code is unconstitutional, because it does not contain an entire rescript of section 3435 as amended. This is a total and fundamental misconception of the purpose of chapter 190 of the Laws of 1908. This chapter does not amend section 3435. Municipal officers still hold their office for two years and until their successors are qualified, but under section 3459, as amended by chapter 190 of the Laws of 1908, if for any cause an officer should hold over after his regular term of office expires, under the authority (in this case to hold over) given by section 3435, a vacancy exists in the sense that it may then be filled so as to deprive the hold over officer to a continuance in office until the next regular election. Section 3459 as amended does not amend section 3435, but simply defines a vacancy in office; something that the legislature was competent to do.

(4)  It is next contended that the Governor had no power under section 103 of the Constitution to fill this vacancy, because section 3436, of the Code provides a method for filling vacancies in municipal offices. Section 3436 cannot have any application to this case, because there was not only a vacancy in the office of mayor, but there was likewise a vacancy in the office of alderman. Under the allegations of this petition, there was no aldermen in office, and no one with authority to fill the vacancy existing in this case, except under the appointment by the Governor as approved by section 109 of the Constitution.

(5)  Counsel make the point that the allegations of the petition with reference to the illegality of the order calling the election, and the illegality of the pretended election are mere conclusions of the pleader and are not sufficient statements of fact. There is no merits in this contention. The petition distinctly avers that the order calling the pretended election is void, because it does not specify for what purpose the election was called, or what officers were to be elected thereat. The petition also distinctly avers that the pretended election was void because the authorities calling the same had no power to do so and because the voters voting at said election were not duly registered and qualified voters. They were not qualified because they were not registered. The demurrer admits these allegations. In other words, it is admitted that the order calling the election does not specify for what purpose the election was called, nor what officers were to be elected thereat. It is admitted that Creswell claims the office by virtue of this pretended election, at which voters voted who were not registered.

It is too clear for argument that such an election is absolutely void.

*Owen & Roberts,* for appellee.

It will be seen that this case must be tried upon the allegations in the petition, as the demurrer confesses all the facts pleaded therein. While this suit is brought by the district attorney, it is brought upon the relation of E. P. Booze, the claimant of the office, as provided by section 4019 of the Code, as the remedy for the trial of the right to office. We will test first the proposition of whether Booze had any right or title to the office that would entitle him to question the title of the respondent. The petition admits that Creswell was the mayor of the town of Mound Bayou in 1916 and claims that a vacancy occurred because no election was held in December, 1916, for municipal officers as required by law.

Under section 3375 of the Code the office of mayor was created. In *Doolittle* v. *Hays,* 45 So. 728, this court held that the mayor's office was a statutory office.

Under section 3435 of the Code the term of office of the mayor is fixed at two years, "and until their successors are duly elected and qualified. It is insisted by the relator that a vacancy in the office of mayor of the town of Mound Bayou was created on the first Monday in January, because of chapter 190 of the Act of 1908, which provides that if any person elected to any office shall fail to qualify, or if for any reason an officer should hold over after his regular term of office expires, under the authority given him to hold over until his successor is elected and qualified, a vacancy in the said office shall occur thereby. The Act of 1908, amends section 3459 of the Code which is found in the chapter under general provisions as to officers. This act did not attempt to amend section 3435 of the Code, which deals with municipal statutory officers. No provisions were made as to municipal

officers until chapter 32 of the Acts of 1917 was passed, which for the first time mentions municipal officers as follows: "If any person elected to any state, district, county, or municipal office shall fail to qualify, etc.," a vacancy shall occur. The Act of 1917 was passed about the time that this court was considering a similar case to this, coming up over the municipal officers of the town of Sumner, and is clearly the result of a conclusion that the Act of 1908 did not apply to municipal officers and they undertook, by amending the Act of 1908, to include municipal officers, in the Act of 1917, both of these acts are clearly unconstitutional.

Section 136 of the Constitution is as follows: "All officers named in this article shall hold their offices during the term for which they were elected unless removed, and until their successors shall be duly qualified to enter on the discharge of their respective duties." Now if the Acts of 1908 and 1917 undertook to deal with constitutional officers, it was nothing short of an attempt on the part of the legislature to repeal the constitution which, of course, it was beyond their power to do. Therefore these acts are in conflict with section 136 of the Constitution and would be held unconstitutional for this reason.

If it undertook to amend section 3435 of the Code, which provides that municipal officers shall hold over until their successors are elected and qualified, then it violates section 61 of the Constitution which provides: "No law shall be revised or amended by reference to its title only, but the section or sections, as amended or revised shall be inserted at length." This court in *Levee Board* v. *Insurance Co.,* 96 Miss. 832, and in *Sample* v. *Verona,* 94 Miss. 264, condemned similar acts and held them unconstitutional and in *Laurel* v. *Plumbing Co.,* 71 So. 9, this court held that chapter 232 of the Laws of 1912 was unconstitutional

in attempting to amend section 3074 of the Code of 1906, because it failed to insert at length in the amendment, the section attempted to be amended. Now if *Laurel* v. *Plumbing Co.* and *Levee Board* v. *Insurance Co.* are still the law, the Act of 1908 is unconstitutional because it does not mention section 3435 of the Code in the title to the act, and does not set out the said section in the body of the act. The Act of 1917 does not affect this case as it was not in effect at the time that the vacancy occurred, if any occurred and at the time the Governor acted by appointment. But it, too, is unconstitutional, for the same reasons as the Act of 1908 is.

If we are not correct in this, then we contend that the Act of 1908 did not amend section 3435 of the Code, nor attempt to amend it, and did not have any reference to municipal officers, and for this reason the respondent and the hold over Board of mayor and aldermen held their offices until their successors were duly elected and qualified.

It is insisted that the Governor had a right under section 103 of the Constitution, to fill these vacancies in municipal offices by appointment. That section reads as follows: "In all cases not otherwise provided for in this Constitution, the legislature may determine the mode of filling all vacancies, in all officers, and in cases of emergency, provisional appointments may be made by the Governor, to continue until the vacancy is regularly filled, etc."

On page 5 of counsel's brief, counsel says: "Turning to the chapter on municipalities or other laws dealing with the manner of filling vacancies, when there is a vacancy in the office of mayor or alderman it is seen that there is no statutory provision, providing for meeting this emergency. The method of procedure in such case must of necessity be found elsewhere. Looking to the Constitution, we see that section 103 then goes on to say that it provides a remedy. Learned

counsel seem by this to concede our contention that if the statute provided a method of filling a vacancy, then the Governor has no authority, under section 103 of the Constitution to make this appointment. Counsel says there is no provision made by the statute for filling vacancies in municipal offices. Our good friend, in his haste, has overlooked section 3436 of the Code which provides that in case of vacancy which shall not exceed six months, the same shall be filled by appointment of the board of mayor and aldermen but if it exceeds six months, an election shall be held, as provided by that section, so that the legislature has provided the mode of filling the vacancies in municipal offices and the Governor had no authority under section 103 of the Constitution, to make an appointment, if a vacancy had existed, unless the legislature had failed to provide a mode. We contend that there was no vacancy because, section 3435 of the Code, not yet repealed, or if attempted to be repealed, the attempt was unconstitutional, provides that the officers shall hold over until their successors were elected and qualified, and second, because there was no power in the Governor to appoint, if a vacancy existed because the legislature has provided a remedy for filling the vacancy. In *State* v. *Lovell,* 70 Miss. 317, the court, speaking of a similar case, says: "Where a statute, passed in pursuance of the Constitution, covers the case, it must govern. In the absence of such a statute, the Constitution confers needed authority. This decision also, on page 319 holds that where an appointment is made, and no vacancy existed or where the power to appoint did not exist, it would confer no legal right on the appointee. Hence their being no vacancy here, and there being no power in the Governor to appoint, the appointment of Booze was a mere nullity. This court held in *State* v. *Hays,* 45 So. 731, col. 2, that the authority given by the statute to an officer to hold over until his successor is duly elected and qualified, is just as much a right in

the incumbent as is that part of the statute which fixes
the definite period. The court on the same page and
same column speaking of the municipal office in con-
troversy, says: "The office we consider in this case is
a statutory office, and the legislature had a right to
limit the tenure of the occupant in any way it saw fit,
not violative of any constitutional provision of the state,
the effect of that provision of the statute which provides
that the officers of municipality shall hold office for two
years, and until their successors are duly elected and
qualified, is to add an additional contingent term to
the original fixed term.

The trouble with appellant is that he has not stated
facts in his petition that would entitle him to recover
as held by the above case. The only facts which he
does   state can be freely admitted and the law says
that on those facts he had no right to recover. Some
of his indefinite facts, for instance, are shown on page
3 of the record in which he alleges that the order
calling the election was null and void because of in-
definiteness and uncertainty, etc.

Is this a conclusion of the pleader, or not? Why not
state what the order showed, and let the court pass
upon the fact and not the conclusion of the pleader?
Again the petition states that the election was void
because the voters voting at the said election were not
duly registered and qualified as required by law? What
voters were not registered? What voters were not
qualified, and why were they not qualified? Is not the
court entitled to the facts to be alleged in the petition so
that the court can form its own conclusion and not rely
upon the conclusions of the pleader.

Again it is stated that the indebtedness of the town
was increased. What was the indebtedness? Who
voted for it? What ordinance increased it? Was it
increased? Was the increase an illegal increase? Would
it not be better to give the court the facts and let it

form its conclusion, than to require the court to pass upon the conclusions of the pleader.

We can readily admit everything that he has pleaded in his petition which we did, and still no reason is shown by the allegations of the petition for the removal of Cresswell.

COOK P. J. delivered the opinion of the court.

The appellant, E. P. Booze, was the relator in a *quo warranto* proceeding to test the title to the office of mayor of the town of Mound Bayou. The petition gives the court to understand that the appellee, B. H. Cresswell, was the mayor of the town of Mound Bayou, and that five other named persons were, together with the said Cresswell, the acting board of mayor and aldermen of said town during the year 1916. Summarized, the petition further avers that the aforesaid board of mayor and aldermen failed to order an election to be held in the month of December, 1916, as they should have done, to elect their successors; having so failed to order an election, the said defendant, Cresswell, claimed and exercised the right to hold the office of mayor "up to and including the 23d day of January, 1917." The petition further informs the court that, these facts being brought to the attention of his excellency, the Governor of the state of Mississippi, the said Governor thereupon and forthwith appointed the relator mayor and five other citizens of Mound Bayou mayor and board of aldermen of said city. The petition goes on to say that the aforesaid Governor commissioned each of the aforesaid persons to hold the positions aforesaid until their successors were elected and qualified. Again, we are advised that the Governor did what he did in conformity with the authority conferred upon him by section 103 of the Constitution. But, in spite of all this, the petitioner goes on to say that Cresswell *et al.* absolutely refused to abdicate, but, on the contrary, they

held on to the coveted offices. Not content with merely holding on to their jobs, the petitioner says that Cresswell and his fellow rebels pursued the even tenor of their unlawful ways, and called a pretended election for the purpose of having the people elect their successors, which unlawful procedure was to be pulled off on the 15th of February, 1917. Now the petitioner characterizes this order as "void, because of indefiniteness and uncertainty and because it did not specify what purpose the election was called for, nor what officers were to be elected thereat." We gather from the petition that this condemned election was held, but we are informed that the persons voting were not duly registered and qualified "as required by law." The petition further states that the defendants, while they were in charge of things in 1916, increased the indebtedness of the town over the indebtedness for the preceeding year "by contract and ordinance, and that all of them, including Cresswell, the mayor, voted for the ordinance." The defendant, Cresswell, and we are dealing with him alone, is still claiming the office of mayor, and we are asked to oust him. To all this the defendant interposed a demurrer, which was sustained by the learned trial court. The grounds of demurrer are thus stated, viz.:

"Because the said complaint does not show any legal title or right of E. P. Booze to the office of mayor of the town of Mound Bayou.

"Second. Because until some right or title to the office of the mayor of Mound Bayon is shown in the said E. P. Booze, he cannot question the right or title of the respondent to the said office.

"Third. Because the allegation of the increase in the indebtedness of the town of Mound Bayou during the administration of respondent fails to show in what respect said indebtedness was increased; fails to show that the respondent, as mayor, voted for any increase.

"Fourth. And for further grounds to be shown on the hearing."

It will be observed that the petition confesses that the defendant, Cresswell, was the mayor, of right, in 1916, but it is claimed that he forfeited his right because no election was ordered or held to elect his successor, which under the law should have been done in December, 1916. Section 3435, Code of 1906, provides that general elections for municipal officers shall be held on the second Tuesday in December, 1906, and every two years thereafter. The election was not held in Mound Bayou in December, 1916, and therefore it is claimed that the office of mayor was then vacant, and the Governor was authorized, and it was his duty, to fill the vacancy by appointment.

This would, no doubt, be true, but for the provision of the statute fixing the term of municipal officers "for two years and until their successors are elected and qualified." The appellant insists, however, that the legislature, in chapter 190, Laws of 1908, changed, amended, or repealed section 3435, Code of 1906, or that chapter 190, Acts of 1908, is in such general terms that it applies to municipal officers. Alleged historical facts which it is said brought about the law of 1908 are recited in appellant's brief in support of his argument. This would be of some force were it not for the fact that the law passed in 1908 in precise terms amends section 3459, Code of 1906, and that section alone. This was, of course, the proper and only way to repeal or amend statutes if the constitutional requirements are to be observed. It is sufficiently clear that the legislature did not have in mind section 3435, for the obvious reason the section was not specifically mentioned in the act, but the section the lawmakers did have in mind was section 3459. We are not now called upon to consider a statute which in terms fixes the terms of all officers.

Section 103 of the Constitution gives no force to the Governor's appointment. In the first place, no emergency existed for which the law did not provide, and there was no vacancy which was not cared for by section 3435. The appellant cites *Waveland* v. *Moreau*, 109 Miss. 407, 69 So. 214, and *State* v. *McDowell*, 111 Miss. 596, 71 So. 867, in support of his contention. We have carefully reviewed the decisions referred to and are unable to see anything in either of the cases which remotely applies to the question here involved. Appellant's counsel insists that chapter 190, Laws of 1908, was designed to correct and change the mischievous rule announced by this court in *State* v. *Hays*, 91 Miss. 755, 45 So. 728. We have the exhaustive and carefully prepared opinion in that case, and it does not impress us as mischievous in the rule there announced. The judge who wrote the opinion made no rule, but adhered to the law as written by that department of the government to which is delegated the sole power to legislate. The decision which is thought to be mischievous merely enforces the legislative will, and, as we have said, no legislature since the rendition of the decision has seen fit to change the law to meet or nullify the court's construction of the statute, which was, in our opinion, manifestly sound.

We will not impute to the legislature a purpose to change a statute which they did not have under consideration. We cannot see why the legislature can be credited with the thought to change, amend, or repeal a statute they did not mention in the act, but did mention another and different statute, leaving the statute here in question as it was written.

In regard to the charge of appellant that the order calling the election by the board of aldermen of which the appellee was the head, we think the charge is not well pleaded. The order is not set out, and it follows that this court has no means of judging of the sufficiency of the order. The pleader might be convinced that the

order was illegal, and the court might think the order was precisely and technically up to requirements of the law.

The petition alleges that the mayor and aldermen increased the indebtedness of the town for the year 1915 by its expenditures and obligations incurred in 1916, and that all of them voted for the orders. As we understand the law, the mayor had no vote unless there was a tie, and his vote for an order or ordinance was *brutum fulmen* if there was a unanimous vote by the aldermen. We find no fault in the judgment of the court, and the same will be affirmed.

*Affirmed.*