HEMBREE *v.* JOHNSON ET AL.

[80 South. 554, Division A.]

1. LIMITATION OF ACTIONS. *Barring of note or indebtedness. Effect.*
   When an indebtedness secured by a mortgage or deed of trust has
   become barred by limitation, the mortgage is also barred.

2. LIMITATION OF ACTIONS. *Open account secured by deed of trust.*
   *Written promise to pay. Written acknowledgement of indebted-*
   *ness.*

   An open account is an unwritten contract and is barred in three
   years even though its payment be secured by a deed of trust.
   It is true that the security of payment is in writing, but the
   thing secured, the account, the evidence of debt, is not a written
   promise or written acknowledgment of indebtedness, but is a
   verbal obligation and is barred by the limitation of three years.

3. SAME.
   The court does not decide that a deed of trust may not be drawn
   so as to bring an indebtedness upon an account within the six-
   year statute of limitations, but this is not done where the trust
   deed fails to do more than secure the payment of an indefinite
   verbal debt to be made in the future and which is not acknowl-
   edge or promised to be paid by the grantors in the deed of trust.

4. MORTGAGES. *Foreclosure. Injunction. Tender.*
   Where the mortgagors tendered the amount due and all expenses
   incurred by the trustee in attempting to foreclose the mort-
   gage, which tender was refused and was again offered by the
   mortgagors with their bill for injunction and again refused in
   such case, the mortgagors were entitled to stop the foreclosure
   sale by injunction.

APPEAL from the chancery court of Neshoba county.
HON. A. Y. WOODWARD, Chancellor.

Suit for injunction by T. L. Hembree and others
against Oscar Johnson and others. From the decree
rendered, complainants appeal.

The facts are fully stated in the opinion of the
court.

*Byrd & Byrd,* for appellants.

It seems that the chancellor must have gone off on the idea that the statute of limitations does not apply to an account secured by a trust deed. In this he is clearly wrong. Section 2457 of Hemingway's Code, also *Huntingdon* v. *Bobbitt,* 46 Miss. 528; *Maddox* v. *Jones,* 51 Miss. 531.

That Hembree had the right and authority to direct that the one hundred and nineteen dollars be placed to his credit on the eight hundred dollar note is upheld by the following authorities: *Champenois* v. *Fort,* 45 Miss. 355; *Rosenbaum* v. *Meridian Natl. Bank,* 73 Miss. 267; *Carberyy* v. *Howell,* 75 So. 383, 48 Miss. 175; 62 Miss. 121.

Appellants were clearly entitled to a writ of injunction because they never could, nor never did, ascertain from Johnson the amount he claimed they owed him, secured by the trust deed. If they were entitled to the writ at the time the injunction was obtained, then appellants are not liable for damages in any event. Damages should never be awarded if at the time injunction is obtained appellants were entitled to the writ. *Burroughs* v. *Jones,* 79 Miss. 214.

For the foregoing reasons, we earnestly insist that this case should be reversed and a decree here fixing the amounts appellants are due appellee Johnston.

*G. E. Wilson,* for appellees.

In response to the contention of counsel for appellants that the account for 1913 is barred by the statute of limitations, we call the court's attention to the case of *Nevitt* v. *Baker,* and others, 32 Miss. 212, where it is held that: "It is now the settled doctrine of this court that the right of the mortgagee to foreclose is not barred by the same lapse of time that would bar an action on the notes secured by it."

The same rule is again announced in the case of *Wilkinson* v. *Flowers*, 37 Miss. 579, where it is said: "It is now the settled doctrine of this court that the right of the mortgagee to foreclose is not lost because an action for a recovery of the debt secured to the mortgagee is barred: by the statute of limitations."

Also the same rule is announced by the Alabama court in the case of *Harper* v. *Raisi Fertilizer Co.*, 48 So. 589. In this case it is held: "Mortgage foreclosure proceedings could be maintained though the debt be barred by limitations."

But it is our contention that in the case at bar the debt incurred in the year 1913 on open account is not barred and that by the terms of the contract entered into between Hembree and Johnson the same could not be barred in six years. Manifestly this debt or account for 1913 was covered by the stipulations in the mortgage "and for other advances made during the said year."

All of the authorities, so far as we are able to ascertain, hold that where the contract is evidenced by writing that it is controlled by the six-year limitation, instead of the three-year. *Vicksburg Water Works Co.* v. *Y. & M. V. R. R. Co.*, 59 So. 825, 102 Miss. 504; *Cock* v. *Abernathy*, 77 Miss. 872, 28 So. 18; *Washington* v. *Soria*, 73 Miss. 665; *I. C. R. R. Co.* v. *Jackson Oil & Refining Co.*, 71 So. 568.

The last case cited is a very recent case and absolutely decisive of this question.

Holden, J., delivered the opinion of the court.

The appellants sued out a writ of injunction stopping a foreclosure sale under a deed of trust executed by the appellants in favor of appellees, and also asked for an accounting. Upon the hearing of the cause it seems the controversy narrowed down to really but

.one question, which requires consideration and decision at our hands.

The record shows that before the writ of injunction was sought the appellants tendered to the appellee, trustee, in the deed of trust, the sum of four hundred and ten dollars as satisfaction of the amount due under the trust deed, and offered to pay all expenses incurred by the trustee up to date; and, the trustee refusing to accept the tender, the injunction followed. The injunction bill of appellants denied that appellants were indebted to appellees in any sum greater than four hundred and ten dollars under the deed of trust, and again offered to pay this amount in satisfaction of the deed of trust. The bill prayed for an accounting, and it also alleged that two hundred eighty-three dollars and twenty cents of the amount claimed by appellees under the deed of trust was a debt upon an open account made and due in 1913, and was barred by the three-year statute of limitations. The appellees contended that the item of two hundred eighty-three dollars and twenty cents was not barred by limitation, because that, while it was a debt upon open account for future advances made in 1913, yet it was secured by the said deed of trust executed by the appellants in 1913 to secure the payment of an eight hundred dollar note, and therefore came within the six-year limitation. The proof is, and it was so decreed, that this eight hundred dollar note, secured by the deed of trust, had been reduced by partial payments until only four hundred and ten dollars remained due on it when the injunction issued in 1918.

The question in the case therefore is whether or not the open account of two hundred eighty-three dollars and twenty cents made by appellants in 1913 was barred by the three-year statute of limitations, or whether the deed of trust rendered the open account a written contract to pay or an acknowledgment of an indebtedness, so as to bring it within the six-year statute of

limitations.    The deed of trust is in the usual form,. except perhaps the parts which 'we shall quote as material to the question before us:

"Whereas, T. L. Hembree and wife, Arah Hembree, are indebted to Oscar Johnson in the sum of eight hundred ($800) dollars as evidenced by promissory note dated Jan. 14, 1913, and due Dec. 14, 1913, with six per cent. interest from date, and the said T. L. Hembree and wife, being desirous to secure, by the deed of trust the prompt payment of said indebtedness at maturity and also any further indebtedness due the said Oscar Johnson that may accrue during the year by reason of advancement made to said T. L. Hembree and wife.

"Therefore, we, the said T. L. Hembree and wife, do hereby grant, bargain; . . . and the said T. L. Hembree and wife do fully authorize said trustee, on failure to pay said indebtedness at maturity, to sell said property hereby conveyed, for cash, . . . and out of the proceeds of said sale to pay said debt, and the expenses of executing this trust."

The three-year statute is as follows (section 3099, Code of 1906; section 2463, Hemingway's Code):

"Actions on an open account or stated account not acknowledged in writing, signed by the debtor, and on any unwritten contract, express or implied, shall be commenced within three years next after the cause of such action accrued, and not after."

The exact question is whether or not the indebtedness to accrue for future advances specified in the deed of trust can be construed to be a promise to pay or an acknowledgment of an indebtedness.

We understand the law to be that, when an indebtedness secured by a mortgage or deed of trust has become barred by limitation, the mortgage also is barred. When a note secured by mortgage becomes barred by limitation, or in any other way becomes canceled, then the mortgage securing the payment of the note is also

extinguished, for the plain reason that when the ·debt is gone there is nothing left to secure. And an open account is an unwritten contract and is barred by the three-year statute of limitations, even though its payment be secured by deed of trust. It is true that the security of payment is in writing, but the thing secured, the account, the evidence of the debt, is not a written promise or written acknowledgment of indebtedness, but is a verbal obligation, and is barred by the limitation of three years, and the security is then also extinguished.

We have carefully considered the terms and phraseology of the deed of trust here involved, and we fail to find any promise to pay, or an acknowledgment of the indebtedness contained therein, except the eight hundred hundred dollar note. Therefore the open account in this case was an unwritten contract and was barred three years after it was due. ·

We do not say that deeds of trust may not be drawn so as to bring an indebtedness upon an account within the six-year statute of limitation. But the trust deed here fails to do more than secure the payment of an indefinite verbal debt to be made in the future, and which is not acknowledged or promised to be paid by the grantors in the deed of trust. A suit by appellees for the two hundred eighty-three dollars and twenty cents could only be an action on the open account, and not on the trust deed; and the contract sued on would therefore be unwritten.

The open account of two hundred eighty-three dollars and twenty cents being barred by the statute of limitation, it was error to allow it against appellants. When it is taken out of the account against appellants, it follows that the injunction was rightfully sued out, because it was correctly decreed by the chancellor that only four hundred and ten dollars was due on the eight hundred dollar note secured by the deed of trust, and this amount of four hundred and ten dollars

and all expenses incurred by the trustee in attempting to foreclose were tendered to the trustee by appellants before enjoining, which was refused, and which was again offered by appellants with their bill, and again refused; so the appellants were entitled to the injunction to stop the sale and prevent the wrong.

The complaint about the appellees' attorney's fees allowed by the court on the dissolution of the injunction need not be considered by us for the reason that, if the injunction was rightfully sued out, then the allowance of the attorney's fees as damages was error, because, if appellants were entitled to the writ of injunction at the time it was obtained, then it was rightfully issued and could not render the appellants liable for any damages thereby.

There are other unimportant questions presented by this record, but we see no error in the decree of the chancellor except as pointed out above.

The decree of the lower court is reversed and the cause remanded, with directions to proceed in accordance herewith.

*Reversed and remanded.*