Appellee, Acme Mechanical Contractors, Inc., brought suit in the Circuit Court of Jackson County against Dolan McArthur, d/b/a M M Plumbing Co., on an open account for plumbing supplies sold on credit.[2] Upon the trial before the circuit judge, sitting as judge and jury, the appellant stipulated that the debits and credits on the account were true and correct but pled the statute of limitations as a bar to all debits accruing three years prior to the filing of the suit. If the statute is to apply, the only debits upon which appellant has a continuing cause of action amount to $186.00. The court below held that the three year statute of limitations did not apply and entered judgment for all debits past due and owing in the amount of $2,525.27. From that judgment this appeal is prosecuted.
Mississippi Code Annotated section 15-1-29 (1972) provides:
 Except as otherwise provided in the Uniform Commercial Code, actions on an open account or account stated not acknowledged in writing, signed by the debtor, and on any unwritten contract, express or implied, shall be commenced within three years next after the cause of such action accrued, and not after.
No issue is raised concerning the Uniform Commercial Code. The appellee relies upon some language in the case of Anderson v.Laurel Oil Fertilizer Company, 228 Miss. 95, 87 So.2d 556
(1956), that the application of certain credits in that case tolled the statute of limitations. Although the language therein may appear ambiguous in ruling on the weight of the evidence concerning certain credits, there is no principle of law inAnderson that changes or alters our previous application of the language of Mississippi Code Annotated section 15-1-31 (1972), which provides:
 In all other actions upon open accounts, the period of limitation shall commence to run against the several items thereof from the dates at which the same respectively became due and payable.
This case involves a simple debit and credit open account. The transactions of *Page 1308 
debits and credits have been completed. A balance is still due and owing by the appellant that could be extinguished by payment and was by appellee expected to be extinguished by payment in cash. There was no further agreement nor anything to be done to adjust the account or accounting between the parties. This is not a "mutual and open current account" within the meaning of the omitted part of the above section of the Mississippi Code. SeeStephenson v. Louisiana Oil Refining Company, 180 Miss. 410,177 So. 912 (1938).
Appellee contends that the Mississippi rule which allows creditors to apply payments to the oldest part of the debt keeps the entire account active and tolls the statute of limitations. The one proposition does not necessarily follow from the other. The North Dakota Court, in applying the same rule, held that payments may be applied to the oldest debits on an account, even those barred by statute, so as not to reduce the obligation incurred within the statute, but partial payment of a simple account without a written acknowledgment or promise does not toll the statute. Erenfeld v. Erenfeld, 196 N.W.2d 406 (N.D. 1972). Where there is an open running account which is not also a mutual account, the cause of action arises from the date of each item and they are severally barred when as to each the statute has run. 1 Am.Jur.2d, Accounts Accounting, § 15 (1962).
In M.G. Travis Company v. Mosley, 148 Miss. 368,114 So. 628 (1927), the partial payment of an account after suit had been filed did not revive a cause of action already barred by the statute at the time suit was filed. (However, the partial payment was applied to the debits which were barred by the statutes; i.e., to the oldest part of the debt). Simple acknowledgment of a debt on account, even in writing, is not sufficient to take the account out of the operation of the statute. Trustees of CantonFemale Academy v. Gilman, 55 Miss. (Brown Hemingway) 148 (1877); Westbrook v. Beverly, 19 Miss. (11 Smedes M.) 419 (1848).
In United States Fidelity Guaranty Company v. Krebbs,190 So.2d 857 (Miss. 1966) where a partial payment on a note was in issue, this Court adopted the following rule:
 The rule in Mississippi is that a partial payment does not take a case out of the operation of the running of the statute of limitations unless such partial payment is accompanied by (1) an express acknowledgement of a further indebtedness, and (2) an express promise to pay. (190 So.2d at 861).
This rule will be applied under the provisions of Mississippi Code Annotated section 748 (1956), [Mississippi Code Annotated Section 15-1-73 (1972)], which provide that:
 In actions founded upon any contract, an acknowledgment or promise shall not be evidence of a new or continuing contract whereby to take any case out of the operation of the provisions of this chapter or to deprive any party of the benefit thereof, unless such acknowledgment or promise be made or contained by or in some writing signed by the party chargeable thereby. . . .
The operation of a "running open account" is generally governed by rule of contract. 3A, A. Corbin, Corbin on Contracts, § 698 (1960). In Mississippi an open account is an unwritten contract.Hembree v. Johnson, 119 Miss. 204, 80 So. 554 (1919). In the case of Foote v. Farmer, 71 Miss. 148, 14 So. 445 (1893), this Court in construing the three year statute of limitation said:
 The statute mentioned bars actions on any unwritten contract in three years. To take a case out of this statute there must be a writing evidencing an acknowledgment of indebtedness, or promising to pay, in such terms as to render any supplementary evidence unnecessary. (71 Miss. at 150, 14 So. at 446).
We, therefore, now apply the rule adopted in Krebbs, supra,
on "partial payment" to apply to a simple debit and credit open account. So, therefore, the payment and credit of the $50.00 by appellee on date of April 27, 1972, did not toll the statute of *Page 1309 
limitations. The learned judge erred in holding that the statute of limitations did not apply and is therefore reversed, and judgment entered here in the principal amount of $186, together with interest at the legal rate from and after February 28, 1974, the date of the judgment.
REVERSED AND RENDERED.
GILLESPIE, C.J., PATTERSON and INZER, P. JJ., and SMITH, ROBERTSON, SUGG, WALKER, BROOM and LEE, JJ., concur.
[2]
 ACCOUNTS RECEIVABLE LEDGER Dolan McArthur DBA McArthur Plumbing ACCOUNT NO. ____ 1405 Lloyd Street Moss Point, Miss. SHEET NO. ____
DATE INVOICE NUMBER/DESCRIPTION CHARGES CREDITS BALANCE
1-1-70 Balance Forward 78.50
1-26-70 Material Purchased 268.52 268.52 Paid 3-10-70 300 — 3/4 — K — Copper 172.80 172.80 300 1/2 — K — ".20 96.60 269.40 4-7-70 2000" — 4" Plast. Pipe 42.00 311.40 4-70 Material Purc. Inv. # 2204 911.17 1222.57 4-10-70 3 Rolls 3/4" K Copper 2 " 1/2" K Copper Inv. # 2189 237.20 1459.77 4-14-70 2 Rolls 3/4" K Copper 1 " 1/2" L Copper 147.52 1607.29 Drop Shipment So. Pipe — 4-16-70 Matr. Purchased — 989.28 2596.57 1/2" Tyler Pipe Shipment 5-1-70 Cast Iron Sewer Pipe 1257.00 3853.57 5-1-70 5 Rolls 3/4" K" Copper 172.80 4026.37 5-1-70 3 Rolls 1/2" L Copper 32.40 4058.77 5-7-70 Credit For Cash 1000.00 3058.77 Credit For Cash 19.50 3039.27 4-1-71 Credit For Cash 650.00 2389.27 4-21-72 5 Rolls 3/4" K Copper 126.00 2515.27 4-23-72 2 Rolls 1/2" K Copper 60.00 2575.27 4-27-72 Paid on Acct. 50.00 2525.27
 Plain Exh # 1