355 So.2d 79 (1978)
Dr. Ralph HUGHES and Mary Ellen Hughes, d/b/a Hughcrest Farms
v.
COLLEGEDALE DISTRIBUTORS.
No. 49782.
Supreme Court of Mississippi.
February 1, 1978.
Dr. Ralph Hughes, pro se.
Scribner & Brewer, William H. Brewer, Tupelo, for appellee.
En banc.

ON PETITION FOR REHEARING
WALKER, Justice, for the Court.
This was an appeal from a judgment of the Circuit Court of Lee County, Mississippi, in favor of Collegedale Distributors in the sum of $1,896.53 against Dr. Ralph Hughes and Mary Ellen Hughes d/b/a Hughcrest Farms. The case was originally affirmed per curiam.
*80 Subsequently on petition for rehearing and after reconsideration, we now withdraw the original per curiam opinion and substitute this written opinion, affirming the lower court.
Collegedale Distributors, a wholesaler of health foods and supplies, brought suit against the Hughes, who purchased health foods for resale on an open account showing a balance due of $1,896.53. The Hughes were doing business as Hughcrest Farms Health Food Store in Tupelo, Mississippi. An itemized account, together with an affidavit to the correctness of the same, was duly attached as an exhibit to the declaration filed by appellee and was made a part thereof.
Appellant, Dr. Ralph Hughes, filed a pleading styled "Affirmative Defense and Answer." This pleading contained a plea in bar in which the court was requested to dismiss the declaration on the ground that the cause of action was barred by the provisions of Mississippi Code Annotated section 15-1-29 (1972). The circuit court overruled the plea in bar holding that the Uniform Commercial Code's six-year statute of limitations, Mississippi Code Annotated section 75-2-725 (1972) was applicable and not Mississippi Code Annotated section 15-1-29 (1972), the three-year statute of limitations.
The question on appeal is whether the six-year statute of limitations is applicable on the facts of this case.
Mississippi Code Annotated section 15-1-29 (1972) [the three-year statute] provides:

Except as otherwise provided in the Uniform Commercial Code, actions on an open account or account stated not acknowledged in writing, signed by the debtor, and on any unwritten contract, express or implied, shall be commenced within three years next after the cause of such action accrued, and not after. (Emphasis added).
That portion of section 15-1-29 which reads, "Except as otherwise provided in the Uniform Commercial Code, ..." was an amendment thereto in 1966, Chapter 316, section 10-105, and became effective from and after March 31, 1968, the same time as the Uniform Commercial Code.
The Uniform Commercial Code is now the controlling law in this State insofar as the sale of goods is concerned. The case at bar involves a sale of merchandise by a wholesaler to a retailer, and the Uniform Commercial Code applies.
The Uniform Commercial Code provision with respect to the statute of limitations on contracts for sale, Mississippi Code Annotated section 75-2-725(1) (1972) [the six-year statute] provides:
An action for breach of any contract for sale must be commenced within six (6) years after the cause of action has accrued.
It is clear that when suit was filed, the Uniform Commercial Code of 1968 was the controlling law in this State insofar as sale of goods is concerned. However, since section 15-1-29 provides coverage specifically for "actions on an open account", the question arises whether it should be applicable on these facts or whether the language "except as otherwise provided in the Uniform Commercial Code" makes section 75-2-725(1) the applicable statute of limitations.
The Uniform Commercial Code statute of limitations is, by its express terms, applicable to any "contract for sale." That term is defined in Mississippi Code Annotated 75-2-106 (1972), which provides in part:
(1) In this chapter unless the context otherwise requires "contract" and "agreement" are limited to those relating to the present or future sale of goods. "Contract for sale" includes both a present sale of goods and a contract to sell goods at a future time. A "sale" consists in the passing of title from the seller to the buyer for a price (Section 2-401) [§ 75-2-401]. A "present sale" means a sale which is accomplished by the making of the contract.
The sale in this case consisted of the purchase by the Hughes from Collegedale Distributors and shipment of the goods and merchandise to the Hughes at a certain price. Such a transaction falls squarely *81 within section 75-2-106, and, therefore, the six-year statute of limitations provided for under section 75-2-725 is controlling, and the lower court was eminently correct in its application of the statute. This construction is further strengthened since as pointed out previously, the age-old three-year statute pertaining to, among other things, open accounts and accounts stated not acknowledged in writing, was specifically amended at the time of the adoption of the Code, making it operable "Except as otherwise provided in the Uniform Commercial Code... ."
Additionally, Chapter 2 of the Code (Sales) and section 75-2-102 which is concerned with the scope of the chapter and contain exclusions from the Sales chapter provides:
Unless the context otherwise requires, this chapter applies to transactions in goods; it does not apply to any transaction which although in the form of an unconditional contract to sell or present sale is intended to operate only as a security transaction nor does this chapter impair or repeal any statute regulating sales to consumers, farmers or other specified classes of buyers. (Emphasis added).
Notably, the only statutes then existing which were exempted from the operation of the Code, are those regulating sales to consumers, farmers, or other specified classes of buyers. On the present facts, appellants are neither farmers nor consumers, but a health food business; and the sales transaction was a purchase of goods for the purpose of resale.
Section 75-1-102 entitled "Purposes; rules of construction; variation by agreement" provides, in part, as follows:
(1) This code shall be liberally construed and applied to promote its underlying purposes and policies.
(2) Underlying purposes and policies of this code are
(a) to simplify, clarify and modernize the law governing commercial transactions; ... .
After carefully considering the above quoted pertinent sections of the Uniform Commercial Code and considering all of the provisions in pari materia, along with section 15-1-29 which was amended as hereinbefore stated to become effective at the same time as the Uniform Commercial Code, we are of the opinion that it was the intention of the Legislature to exempt consumers and farmers from the six-year statute of limitations, section 75-2-725, and to make applicable to consumers and farmers the shorter statute of limitations provided for in section 15-1-29. There may be other "specified classes of buyers" enumerated within the Uniform Commercial Code sections that come under the three-year statute of limitations, but we have not been cited to, nor are we able to find such other sections.
We therefore hold that on the facts of this case Mississippi Code Annotated section 75-2-725 (1972), the six-year statute of limitations, is the applicable statute.
The cases of Bryan v. Bryan, 323 So.2d 84 (Miss. 1975) and McArthur v. Acme Mechanical Contractors, Inc., 336 So.2d 1306 (Miss. 1976) are not applicable in the case at bar since section 75-2-725(1) [the six-year statute] was not urged, argued or briefed in these cases. In the McArthur case, the opinion especially stated that "No issue is raised concerning the Uniform Commercial Code." (336 So.2d at 1307).
For the foregoing reasons, the relief prayed for in the petition for rehearing should be and is hereby denied and the judgment of the lower court is affirmed.
ORIGINAL PER CURIAM OPINION WITHDRAWN; RELIEF PRAYED FOR IN PETITION FOR REHEARING DENIED; AND THIS WRITTEN OPINION AFFIRMING THE LOWER COURT SUBSTITUTED.
PATTERSON, C.J., and SUGG, BROOM, LEE and BOWLING, JJ., concur.
SMITH, P.J., and ROBERTSON, J., dissent.
INZER, P.J., took no part.
*82 SMITH, Presiding Justice, dissenting in part:
I agree with the statement in the controlling opinion that in no event may any part of the Chapter on Sales of the Uniform Commercial Code [which consists of some 224 separate distinct statutory provisions and includes Mississippi Code Annotated section 75-2-725(1) (1972)] be applied to "sales to consumers, farmers or other specified classes of buyers." This exclusion from the provisions of the chapter is by the express terms of the chapter itself.
I disagree with the conclusion that actions on open accounts as to all classes of persons other than "consumers, farmers or other specified classes of buyers" may be brought within six years rather than within the three-year period provided by section 15-1-29 Mississippi Code Annotated (1972), (section 729 Mississippi Code 1942).
In 1966, when the so-called Uniform Commercial Code was adopted, the statute was amended by the addition of the following prefatory phrase: "Except as otherwise provided in the Uniform Commercial Code, actions on an open account, ..." without any other change in the statute whatever and without giving a clue as to what part or provision of it was intended to be amended.
In all other respects the statute remained unchanged. Each of the three distinct categories dealt with by the statute is clearly and separately defined and each falls within a specific category recognized and defined in the jurisprudence of this country. The provisions of section 729 have been in effect for upwards of 100 years and have been construed by this Court in scores of cases.
It is to be noted that section 729 categorically provides a period of limitation in each of the three specifically defined classes of action:
(a) Actions on open accounts;
(b) Actions on accounts stated not acknowledged and signed by the debtor;
(c) Actions on any unwritten contract, express or implied.
As part of the Chapter on Sales of the Uniform Commercial Code adopted in 1966 there appears section 75-2-725(1) (supra), which provides:
Statute of limitations in contracts for sale.
(1) An action for breach of any contract for sale must be commenced within six (6) years after the cause of action has accrued.
Leaving aside the question of the undesirability of extending to six years the period within which actions on open accounts may be brought and presumably, on accounts stated, not signed by the debtor, and any other contract involving a sale, not in writing, as well as the anomalous situation which would be created thereby, that is to say, unwritten, unsigned contracts and accounts would be governed by the same period of limitations as written contracts, executed by the party to be bound, it is obvious that no additional statute was necessary, if it was the legislative purpose to increase the period to six years in these cases. An outright repeal of the open account provision in the existing statute would have sufficed to place the actions dealt with as being within that class of cases governed by the existing general six-year statute [Section 16-1-49 Mississippi Code Annotated (1972)] and this could have been done more easily and more efficiently than providing the introductory amendment "Except, etc." requiring an unguided and clueless search through the Uniform Commercial Code to find some possible inconsistency.
Section 61 Mississippi Constitution of 1890, provides:
No law shall be revived or amended by reference to its title only, but the section or sections, as amended or revived, shall be inserted at length.
.....
To amend a statute there must be specific mention in the amendatory act of the statute sought to be amended. State ex rel. Booze v. Cresswell, 117 Miss. 795, 78 So. 770. Seay v. Laurel Plumbing & Metal Co., 110 Miss. 834, 71 So. 9.
*83 The only means by which a statute can be amended (under the constitutional provision quoted) is to specifically mention in the amendatory act the statute to be amended. State ex rel. Booze v. Cresswell, supra.
The statute which it is suggested was amended by the Uniform Commercial Code provision was, in fact, amended only by the adoption of a prefatory phrase: "Except as otherwise provided in Uniform Commercial Code, actions on an open account, etc." No hint is given as to which of its several parts was in contemplation. No change whatever was made in the body of the statute or in any of its provisions. At the time of the amendment the section prescribed a period of three years in which an action might be brought on an open account and in the other categories of cases dealt with by it, and it clearly and specifically defined these as:
(a) Actions on open accounts;
(b) Actions on accounts stated not acknowledged and signed by the debtor;
(c) Actions on any unwritten contract, express or implied.
It is unnecessary to argue the point that in all three of the above categories, an unwritten contract, express or implied, is involved. For reasons considered by the Legislature to have been sufficient, each class of action was clearly defined and placed in a separate and distinct category by the statute.  Is the Uniform Commercial Code provision as to "Contracts for sale," without any reference whatever to section 15-1-29 as required by section 61 Mississippi Constitution of 1890, an effective amendment of the latter statute? Apparently it was not intended to be.
In section 75-2-102, which is the second section of the Chapter on Sales of the Commercial Code, the scope and application of the chapter is prescribed and limited:
75-2-102 Scope; certain security and other transactions excluded from this chapter.
Unless the context otherwise requires, this chapter applies to transactions in goods, it does not apply to any transaction which although in the form of an unconditional contract to sell or present sale is intended to operate only as a security transaction nor does this chapter impair or repeal any statute regulating sales to consumers, farmers or other specified classes of buyers.

It is beyond controversy, therefore, that section 75-2-725, which is also a part of the Chapter on Sales of the Commercial Code, was not intended to apply to open accounts (contracts for sale) where goods are purchased by a consumer for his own use because it says so.
The Legislature, ten years after the enactment of the Commercial Code in 1966, recognized the viability of section 15-1-29 by specifically amending it in 1976, but only by adding yet a fourth class of actions, that is, actions on oral contracts of employment, which it was provided must be brought within one year.
By House Bill 488 Laws of 1976, approved May 25, 1976, the Legislature brought forward and reenacted the whole section 15-1-29 with the additional provision of the one year period of limitation of actions on unwritten contracts of employment. Nothing can be clearer or more certain than that section 15-1-29 has not been repealed but has, in fact, been reenacted in its entirety a full ten years after the adoption of the Commercial Code.
Section 15-1-29 is the Mississippi law dealing with the periods of limitation which govern actions brought on all oral contracts. It expresses a clear legislative policy to require actions in such cases, where no writing exists, to be brought within three years, a relatively short time, in direct contrast to the long-prevailing period of limitations of six years which applies in actions on signed, written contracts. It is possible, of course, to rationalize from this ambiguous situation some sort of proposition that the Commercial Code provision as to "Contracts for sale," not specifying whether written or oral, contemplates, without saying so, removal from the provision of section 15-1-29 of a single one of the several types of oral contracts then dealt with. No logical reason *84 can be assigned for such a construction. The Uniform Commercial Code provides for the repeal of a great many specific statutes but section 15-1-29 was not one of them. No reference whatever is made in the Commercial Code to section 15-1-29, and it would seem to be more logical to apply the provisions of the Uniform Commercial Code as to "Contracts for sale," to written contracts only, where the period of limitations is, in fact, six years.
There are literally scores of decisions of this Court declaring that the period of limitations applying in actions on open accounts is three years. The latest, McArthur v. Acme Mechanical Contractors, Inc., Miss., decided September 7, 1976 and reported at page 1306 of 336 So.2d, was decided ten years after section 15-1-29 had been amended by adding the introductory phrase "Except as otherwise provided in the Commercial Code etc.," and ten years after the adoption of the Commercial Code.
The "Except" amendment was expressly noted in this Court's opinion in 1976 but was not dealt with at length as no question was raised about it. Nevertheless, the Court decided that the suit on the open account was barred, applying the three year limitation embodied in the amended section 15-1-29 which we now say was not the law. The decision that the period of limitations which applies to open accounts in some cases is now (and was then) six, rather than three years, requires the Court to confess complete unawareness for more than ten years of the 1966 Commercial Code provision, although the Commercial Code reference was expressly noted in the McArthur v. Acme opinion.
Statutes of limitation are remedial statutes and are statutes of repose and are favored as ending controversy. No logical purpose can be assigned for extending the period of limitations on open accounts to six years, a period longer than in other states and which is not consistent with the stated purpose of the draftsmen of the Commercial Code.
A whole body of law has been developed over the more than a century that the Mississippi three-year statute of limitations has been in effect as to open accounts. Generations will be born, live and die before members of the general public will learn that a suit on an open account can be brought within six years in some cases, but in others must be brought in three.
The account in McArthur v. Acme, supra, is set out in full in the opinion of the Court and reflects upon its face that the items charged were plumbing supplies sold by a dealer to a plumbing company for resale and use in its plumbing business. The present decision in this case is, therefore, totally at variance with McArthur v. Acme. If the conclusion of the majority in this case is correct, the Court applied in McArthur v. Acme a totally non-existent three-year statute of limitations to bar a just claim.
ROBERTSON, J., joins in this dissent.