MIZE, MOTOR VEHICLE COM'R, v. REPUBLIC OIL REFINING Co.

(In Banc. Feb. 11, 1946.)

[24 So. (2d) 741. No. 35988.]

Greek L. Rice, Attorney General, by Jas. T. Kendall, Assistant Attorney General, for appellant.

W. D. Conn, Jr., of Jackson, for appellee.

**McGehee, J.,** delivered the opinion of the court.

The petitioner, Republic Oil Refining Company, sought and obtained a writ of mandamus in the trial court to require the defendant, Frank F. Mize, Motor Vehicle Commissioner, to give credit to the petitioner for the sum of $1,214.28 whch it has paid to the Commissioner under Section 10017, Code 1942, imposing upon any person engaged in the business of distributing gasoline and oil an excise tax equal to "six cents (6c) per gallon on all gasoline stored, sold, distributed, . . . or received in this state for sale, use on the highways, . . . or for other purposes."

The amount for which credit was asked was paid to the Commissioner on 20,238 gallons of gasoline sold in this state by the petitioner, as a bonded distributor of gasoline, to another bonded distributor of gasoline in this state, W. E. Gunn doing business as Independent Transport Company, the sales and deliveries having been made to this subsequent distributor from November 19,

1943, to September 20, 1944, inclusive, and duly reported by petitioner.

Prior to the enactment of Chapter 247, Laws 1942, if a bonded distributor bought gasoline in this state from another bonded distributor therein there was no provision in the law by which the subsequent distributor could assume the payment of the tax under his own bond and by which the original distributor could take credit therefor in his reports to the Motor Vehicle Commissioner. But in 1942 the Legislature amended the law by said Chapter 247 so as to insert therein the following provision:

"Provided, that whenever a bonded distributor of gasoline or oil has made the report of the receipt of, and paid all excise taxes due on, gasoline or oil received in the state as required by law, and after receipt in this state thereof, sells any of such gasoline or oil to another bonded distributor or dealer, who is required to make report of his receipts to the motor vehicle commissioner, the commissioner shall collect from such subsequent bonded distributor or dealer the gasoline or oil taxes on all gasoline and oil received by him, even though the taxes may have theretofore been paid on a part or all of such gasoline or oil; and shall allow credit therefor to the original bonded distributor who has paid the taxes thereon on his report or any succeeding monthly report. Provided that nothing in this act shall prevent any subsequent bonded distributor from paying the tax to the original bonded distributor at the time of purchase of any gasoline or oil."

It will be observed that the language of this amendment is plain and unambiguous. It requires no interpolation of words to declare its clear and unequivocal meaning. There is wholly lacking any provision therein to the effect that if the commissioner shall collect the tax from the subsequent bonded distributor or dealer he shall give credit to the original distributor who may have already paid the tax to him.

Prior to the adoption of the foregoing amendment any bonded distributor or dealer in this state could purchase

his gasoline from outside the state and receive and sell the same in this state with the privilege of waiting to pay the tax until he should be ready to file his next monthly report to the Commissioner of his receipts or sales thereof. And he may now do so under the law as amended. In such case if this bonded distributor should fail to pay the tax to the Commissioner and should be insolvent the state would lose the tax unless the Commissioner has safeguarded against such loss by having previously required a sufficient bond of such distributor in this state to insure the payment.

Section 10014, Code 1942, authorizes the Commissioner to require a bond of anyone receiving or distributing gasoline in this state in the sum of not less than $1,000 nor more than $25,000 and to be based on "the approximate amount of gasoline and oil expected to be sold monthly by him in this State, and such other information as is requested by the Commissioner" or as is "shown by sales for the previous year, if applicant (for a permit to sell gasoline) heretofore has been engaged in such business in this State."

And Section 10015, Code 1942, requires that the bond of each distributor must be renewed on May first of each year. This Section also provides that a permit granted to a bonded distributor in this state may be revoked upon ten days written notice if said distributor shall fail to pay the tax within the time provided by law, and that such distributor shall forfeit all right to do business as such in the state for a period of not less than one year nor more than five years. It is further provided that such action of the Commissioner shall not relieve the distributor or his sureties from liability on the distributor's bond.

In the instant case the Commissioner required a bond of the appellee, the original distributor herein, in the sum of $25,000 but required of the subsequent distributor, W. E. Gunn doing business as the Independent Transport Company, in the sum of only $1,000.

The petition of the appellee for the writ of mandamus herein shows affirmatively that the said appellee as an original distributor paid to the Commissioner the tax on the 20,238 gallons of gasoline sold by it to the said W. E. Gunn as a subsequent bonded distributor, and that the Commissioner did not comply with the amendment to the statute, which is hereinbefore quoted in full, by collecting the tax from the said subsequent distributor and crediting the original distributor with the same in the latter's next monthly report. In other words, the petition shows on its face that the provisions of this amendment were not complied with by the Commissioner.

The right of the original distributor to proceed by a petition for mandamus to obtain the credit is not challenged, provided the credit is due.

We are, therefore, of the opinion that the demurrer to the petition which merely set up as a defense the fact that the Commissioner has not collected the tax on this particular gasoline from the subsequent distributor was properly overruled.

Evidently the amendment to the statute was enacted in order to enable a bonded distributor receiving gasoline for sale in this state to sell the same to a subsequent bonded distributor without requiring at the time of the sale the payment of the tax by the subsequent dstributor to the original distributor. That is to say, the statute was amended to enable the original distributor to sell the gasoline tax free to the subsequent distributor and permit the latter to pay his own taxes, as imposed on him by Section 10017, Code 1942, when making his monthly report to the Commissioner, just as such subsequent distributor could have purchased such gasoline from a dealer outside the state and avail himself of the privilege of not paying the tax until the time of making his monthly report to the Commissioner.

Unless the statute was thus amended for the purpose of placing a bonded distributor selling gasoline in this state to another bonded distributor therein on an equal

basis in that regard with an outside seller of gasoline, then no other theory suggests itself as to why the statute was amended. Most assuredly it was not amended in order that the Commissioner might collect the tax from the subsequent distributor in the event he had failed to collect it from the original one, because the amendment on its face presupposes that the Commissioner has collected the tax already from the original distributor. It should be kept in mind that the original bonded distributor must report his receipt of the gasoline in this state and pay the tax thereon along with his next monthly report even if he has merely received and stored the said gasoline and does not sell it to a subsequent distributor until some time thereafter.

After the trial court overruled the demurrer to the petition the defendant interposed three special pleas thereto, but none of which set forth a sufficient state of facts to explain the inability of the Commissioner to determine the necessity for requiring a larger bond or for his failure to increase the bond prior to the sales made herein by the original distributor to the said subsequent distributor, even if it could be said that the Commissioner can avoid the giving of the credit petitioned for by showing that he had been unable to determine the necessity for a larger bond in time to have been enabled to enforce the collection from the subsequent distributor. However, we are of the opinion that the amendment to the statute was intended to enable an original bonded distributor to sell to a subsequent bonded distributor in this state his gasoline on the assumption that a sufficient bond has been required of the subsequent distributor to protect the interest of the state. Unless the amendment can be thus construed an original bonded distributor could not sell to a subsequent bonded distributor the gasoline tax free for the time being on the same basis that the latter could purchase the same from an outside distributor.

Moreover, it will be observed that the last sentence of the quoted amendment gives to the subsequent distributor the right to pay the tax to the original distributor at

the time of his purchase. That is to say, he is given the right to purchase the gasoline tax free, if the original distributor is willing to sell it to him on that basis, and then pay his own taxes thereon when filing his monthly reports, just as he could do if he were purchasing the same from an outside distributor. The Legislature it would seem has by this amendment sought to encourage a bonded distributor to purchase his gasoline from another bonded distributor in the state instead of purchasing all of such gasoline from outside the state.

Demurrers were sustained by the trial court to each of the said special pleas on the ground that in the opinion of the trial judge "neither of said special pleas constitutes a defense to the action stated in the petition." And the defendant having declined to plead further it was ordered and adjudged that the writ of mandamus should issue as prayed for requiring the defendant to allow credit to the petitioner in the amount of $1,214.28, the amount of the taxes paid by the petitioner on the gasoline in question.

From the foregoing views it follows that the judgment of the trial court should be affirmed.

CONCURRING OPINION.

**Griffith, J.**, delivered a concurring opinion.

The state ought not be made a warrantor of the collection of the taxes from the second distributor; nor on the other hand, in view of the mandatory language of the amended statute, may the state stand passively by the wayside and say to the first distributor simply that it has not collected the taxes from the second distributor, and that this is an end of the matter so far as the state is concerned.

It was the duty of the state, in my judgment, to make the same effort and to take all the steps required by the law to be taken to collect from the second distributor as had the tax never been paid by anybody, and that if there

was a failure by the state to do this and as a consequence the collection from the second dealer failed, the first dealer would be entitled to the relief prayed. But as the law presumes that officers have done their duty until the contrary is made to appear, I think the burden was on the Republic Oil Company to show that the state failed to make reasonable efforts in the discharge of its duty instead of the burden being on the state to show that it did its duty; and this burden the pleadings show the Republic Company has not met. I would therefore prefer to reverse that the burden may lie where, as I think, it belongs; but as between the opposing views that the state is (1) liable in any event and (2) not liable simply if the tax has not been collected from the second dealer, regardless of the reasons therefor, I would prefer that under numeral (1).

### DISSENTING OPINION.

**L. A. Smith, Sr., J.,** delivered a dissenting opinion.

I respectfully dissent from the conclusions reached by the Court in this case.

The primary purpose of the Act in question is to collect revenue from bonded contractors on oil and gas handled by them under the circumstances detailed in the Act. In truth, it is so declared in the Act. Further, it seems to me that the provision for adjustments between the first and second bonded dealer is merely secondary and incidental, and it was not intended by the Legislature that such provision deprive the State of Mississippi of its revenue on the gas and oil involved, and it was not intended that the state should return to the first bonded dealer, the tax paid by it, merely because the second bonded dealer could not be made to meet its obligation because of its insolvency, and the exhaustion of its bond due to previous delinquencies. The consequence of such refund to the first bonded dealer, under such circumstances, would leave the oil and gas involved tax free, and the

State without revenue therefrom, in violation of the primary purpose of the entire legislation.

It seems to me that the controlling opinion here in construing the amendment to a certain section of the Act isolates the amendment from the Act as a whole and that if the amendment be read in connection with other provisions of the accompanying statutes, the reasoning of the interpretation by the majority of the Court would disappear, as would the result of requiring the state to refund a tax not possible to collect from the second bonded dealer. This court said in Mississippi Cottonseed Products Co. v. Stone, 184 Miss. 409, 184 So. 428, 431: "In construing a statute a court may ascertain its true meaning by studying it as a whole; and when ascertained, may enforce it, even to the extent of correcting errors in the language used; Gandy et al. v. Public Service Corp., etc., 163 Miss. 187, 140 So. 687. The Court, in construing the statute, must seek to ascertain the legislative intent from the statute as a whole, and not from a segregated portion, considered apart from the rest of the statute; see Henderson v. Blair et al., 102 Miss. 640, 59 So. 856," and other cases cited.

Therefore, as stated, I deferentially dissent.