Mississippi Cottonseed Products Co. *v.* Stone *et al.*

(Division B. Nov. 21, 1938. Suggestion of Error Overruled Jan. 2, 1939.)

[184 So. 428. No. 33401.]

Green, Green & Jackson, of Jackson, for appellant.

412

414

**J. A. Lauderdale,** Assistant Attorney-General, for appellee.

Argued orally by **Garner Green**, for appellant, and by **J. A. Lauderdale**, for appellee.

**Ethridge, P. J.**, delivered the opinion of the Court.

The Mississippi Cottonseed Products Company, a corporation organized and chartered under the laws of the State of Delaware, filed a petition here against A. H. Stone, Chairman, John F. Frierson and Bruce Van Zandt, Commissioners, and A. S. Coody, Secretary, composing the State Tax Commission, and Honorable Greek L. Rice, Attorney-General of the State of Mississippi, alleging

that while it was organized and chartered under the laws of Delaware, its place of business is located in the city of Jackson, Mississippi, where the meetings of its stockholders and directors have been held, pursuant to the provisions of its by-laws; that the business of said petitioners is the owning and operation of cotton oil mills; that it acquires cottonseed in the open market in the states of Louisiana, Arkansas, Mississippi, Tennessee, Illinois and Missouri—through subsidiaries in the two last-named states; and converts such cottonseed, at its several mills, into oil, meal and other products and by-products. The petitioner alleges that in order to do business it makes loans to persons who furnish it with cottonseed, such loans being made directly and indirectly in the several states mentioned, but principally in the State of Mississippi; that petitioner has not adequate capital of its own at all times to operate its seed business, and is therefore compelled to borrow, its creditors being located in the states of Missouri, Illinois, Tennessee, Alabama, Louisiana, Mississippi, New York, and sometimes elsewhere; said loans being made principally by banks to the petitioner, except a bonded indebtedness of approximately $700,000. The petitioner avers that now, and at all times previously, under the Income Tax Act of Mississippi, Laws of 1934, chapter 120, it has been classified, and has rendered its returns, as a foreign corporation, and the imposition of taxes upon its income so earned has been made by the State of Mississippi; that section 2 of said act, subdivision (c), provides that: "The term foreign when applied to any corporation or association, . . . means created or organized outside the State of Mississippi." The petitioner was thus organized, and qualified to do business in Mississippi, although not domesticated therein; and under all precedent acts the petitioner has been, and continues to be, so qualified.

The petitioner avers that the imposition of the tax, if any, as to interest on loans received by it, first appears in substantially its present form in section 15, subdivi-

sions (1) and (a) of chapter 132, Laws of 1924, as follows:

"(1) That in the case of foreign corporations or of a non-resident or citizen of a foreign country the following items of gross income shall be treated as income from sources within the State.

"(a) . .· . interest on bonds, notes, or other interest bearing obligations of residents, corporate or otherwise; the amount received as dividends from domestic corporations (other than national banks or banks and trust companies organized under the laws of the State of Mississippi), provided, income from money loaned by non-residents or foreign corporations or citizens of a foreign country, shall not be included as taxable income, or from foreign corporations of which more than fifty per centum of whose gross income was derived from sources within the State."

When thus appearing, pursuant to the power vested in the Commissioner, with the consent of the Governor, a regulation was made, interpreting said act, under and by which the petitioner, as a forign corporation, was relieved from liability in this respect, the regulation being substantially in the form of article 150 of the present regulations; that is to say: "Non-residents, foreign corporations and citizens of foreign countries shall include as gross income from sources within the State all income of every sort derived from business done or property located within the State; except that interest on bonds, notes or other interest-bearing obligations of residents, corporate or otherwise, need not be included."

The petitioner avers that this regulation, as it is advised, is in full force and effect in the State of Mississippi, and has been since 1924, being made a part of Regulation No. 4, a copy of which is made exhibit 3 to the petition as fully as if copied therein. And, further, avers that those charged with the administration of the income tax act have so far interpreted it in accordance with this regulation, thereby rendering the petitioner immune to

that extent; that under said regulation, and interpretation of the act in question, the petitioner and others similarly situated are not taxable.

Section 5037, Code of 1930, was set out in the petition, which then recites that the same regulation, and interpretation of the act by those charged with its execution, continued; and that in the act of 1934, under this interpretation, both by regulation, and by practical construction, section 11 of the act was re-enacted, treating, "the following items of gross income . . . as income from sources within the State;" namely, "interest on bonds, notes or other interest bearing obligations of residents, corporate or otherwise; the amount received as dividends from domestic corporations, provided, income from any loan by non-residents or foreign corporations, or citizens of a foreign country, shall not be included as taxable income, or from foreign corporations of which more than fifty per cent (50%) of the gross income was derived from sources within the State."

The petitioner avers that under the departmental regulations, and the practical interpretation by those charged with the administration of these matters, this petitioner, as a foreign corporation, is not liable for the tax in question.

It is further averred by the petitioner that it made due and regular return of its income for the fiscal year ending June 30, 1937; stating that during that period it received interest on money loaned to the amount of $69,648.17, which, since it was a foreign corporation, was not taxed, or taxable, under the Income Tax Act of 1934, as amended in 1936; notwithstanding which, the Tax Commission caused an income tax to be assessed thereon to an aggregate of $4,178.90, with interest thereon from and after September 15, 1937, at the rate of one-half of one per cent per month. The petitioner appealed from the assessment so made by the Commissioner, to the Tax Commission, before which a hearing was had on February 11, 1938; and the Commission, upon considering the mat-

ter, entered an order fixing the assessment, and adjudging, that the petition of the taxpayer, the Mississippi Cottonseed Products Company, be denied and overruled and that its claim for the abatement of the assessment of the amount of additional taxes assessed by the Commissioner be disallowed; and the said taxpayer is hereby assessed with additional taxes under the provisions of chapter 120, Laws of 1934, known as the Income Tax Law of 1934, as amended by chapter 151, Laws of 1936, in the sum of $4,178.90.

It is alleged that during this entire period the petitioner was a foreign corporation, engaged in business as above stated; that it received interest in the amount shown, and that if such interest were taxable, the computation is correct; but the petitioner avers that since it was, and is, a foreign corporation, such interest is not taxable in the State of Mississippi. Whereupon the petitioner appealed, giving bond, from the judgment of the Tax Commission affirming the assessment.

The petition was filed in the Chancery Court, and was demurred to by the defendants on the grounds, first, that under the facts averred in the petition, the petitioner is liable for the income tax assessed against it by the State Tax Commission; and, second, that it appears that the State Tax Commission entered the proper order in the matter; which demurrer was sustained by the Chancery Court. The petitioner declined to plead further, final judgment was entered, and appeal was taken to this Court.

Taking the statute involved in its entirety, chapter 120 of the Laws of 1934, as amended by the Laws of 1936, chapter 151, set forth in the petition, it clearly appears that the purpose of the act was to tax income earned within the state by both domestic and foreign corporations, and to exempt income earned without the State, where a plant or place of business is maintained in the foreign State, and the income derived therefrom would not be subject to taxation, or was exempt therefrom. It

is, of course, not permissible to tax that part of a foreign corporation's income which was earned outside of the State of Mississippi; whereas, it is possible for the legislature to tax a domestic corporation on its income, wheresoever received.

From a reading of the entire statute it is manifest that it was the purpose of the legislature to place domestic and foreign corporations upon the same basis—that is, a basis of equality. The one trouble with the statute, creating a difficulty, is the use of the word "by" instead of the word "to" in clause (a) of subdivision 1 of section 11, wherein it is provided, "income from any loan by non-residents or foreign corporations or citizens of a foreign country, shall not be included as taxable income." If we substitute the word "to" for the word "by," the purpose clearly outlined in the statute, of preserving equality between the two classes of corporations, foreign and domestic, is maintained.

To sustain the contention of the appellant would place such a construction upon the act as to cast doubt upon its constitutionality; that is, to hold that a foreign corporation, doing business entirely within the State of Mississippi, is exempt from taxes on money loaned by it in Mississippi and elsewhere; while money loaned by a domestic corporation within the State would undoubtedly be taxed, under the plain language of the act. In such case, with two classes of persons or corporations doing, in many ways, exactly the same character of business within the same territory, the one would be taxed, and the other not. It could not well be assumed that the Legislature intended to bring about any such result. In construing a statute a court may ascertain its true meaning by studying it as a whole; and when ascertained, may enforce it, even to the extent of correcting errors in the language used; Gandy et al. v. Public Service Corp., etc., 163 Miss. 187, 140 So. 687. The Court, in construing the statute, must seek to ascertain the legislative intent from the statute as a whole, and not from a segregated por-

tion, considered apart from the rest of the statute; see Henderson v. Blair et al., 102 Miss. 640, 59 So. 856; Johnson v. Reeves & Co., 112 Miss. 227, 72 So. 925; Robertson v. Texas Oil Co., 141 Miss. 356, 106 So. 449. When the construction placed upon a statute by an administrative department of the government is clearly erroneous, and has not been followed by it for a long time, or where the administrative department, at various times, places different constructions upon the statute, the Court will not adhere to such constructions when, in its opinion, they are erroneous. See Virden v. State Tax Commission, 180 Miss. 467, 177 So. 784. While it is proper for the Court to follow a reasonable construction, long used or practiced by the administrative officers of the law, to the end that there shall be no unnecessary hardship upon the taxpayers, yet, where it is of the opinion that such construction is not proper, it must reach its own conclusions. In the case before us we are satisfied that the word "by" was intended to be the word "to," and that by substituting the latter word therefor the real purpose of the Legislature is carried out. The Chancellor below having held in accordance herewith, the judgment is affirmed.

Affirmed.