REGAN, Judge.
Plaintiff, Board of Commissioners of the Port of New Orleans, instituted this suit against the defendant, Public Belt Railroad Commission for the City of New Orleans, endeavoring to recover from it, as tort-feasor, the sum of $3,959.19, paid or to be paid in the future under the Workmen’s Compensation Law to the dependent, Geraldine Marguerite Delavallade, the illegitimate daughter of Joseph S. Delavallade, an employee of plaintiff, who was killed through the alleged negligence of the defendant’s employees.
The defendant pleaded exceptions of no right or cause of action which were overruled and then answered admitting the accident, but denied that it occurred through any negligence on its part and, in the alternative, it advocated the contributory negligence of Delavallade, plaintiff’s employee.
From a judgment in favor of plaintiff in the full amount prayed for, defendant prosecutes this appeal.
We, of necessity, shall initially consider the exceptions of no right or cause of action which pose a specific question fundamentally res nova in our jurisprudence.
The record reveals a stipulation to the effect that Geraldine Marguerite Delaval-lade is the illegitimate daughter of Joseph S. Delavallade and of Mrs. Thelma Rickett Jassen. The compensation was paid and is to be paid by the plaintiff to Thelma Rick-ett, wife of Milton Jassen, the tutrix of Geraldine Marguerite Delavallade, who was a minor and dependent upon Delaval-lade at the time of his death. Delavallade was living with, but not married to, the mother of the child. The father, mother and child were living together, as a family, when the fatal accident occurred.
Defendant’s exceptions were conceived as a conclusion to be drawn from the well-recognized rule of law that an illegitimate child has no right of action for the death of her natural father, Civil Code Article 23 Í5, and that the plaintiff stands in the shoes of Geraldine Marguerite Delavallade, for whose benefit it paid compensation; or more comprehensively, that inasmuch as Delavallade’s dependent, Geraldine Marguerite Delavallade, to whom the compen- . sation has been paid and is being paid, cannot maintain an action against the defendant for causing the death of her father, the plaintiff, as the employer of the father, is equally barred from (bringing this action for the recovery of compensation payments for which it became liable through the alleged negligence of defendant.
Plaintiff, in opposition thereto, points out that this action was prosecuted under Section 7 of the Workmen’s Compensation Law, as amended, LSA-R.S. 23:1101, and under the general law and is not circumscribed or affected by any right that its employee or the employee’s dependent might have had, subject, of course, to the qualification that it must be proved that the tort-feasor was negligent and that the employee was not guilty of such contributory negligence as would bar his recovery. In other words, plaintiff insists that even though the employee’s dependent might be barred from suing the tort-feasor because of her illegitimacy under the jurisprudence emanating from an interpretation of Revised Civil Code Article 2315, this fact can have no bearing whatsoever on the right of the employer to pursue its remedy to be made whole on the liability impos *308 ed upon it by the workmen’s compensation law.
During oral argument of this case we entertained a grave ■ doubt as to the validity of defendant’s exception and we were very much persuaded by the intrinsic philosophy of plaintiff’s argument, particularly with respect to the unfortunate status occupied as a litigant by so-called illegitimate children under Revised Civil Code Article 2315. However, irrespective of the progressive trend Of our individual philosophies we must interpret the law and the jurisprudence emanating therefrom as we find it, and not as we may desire the legislature to amend or enact it.
 It is conceded under the jurisprudence of our State that an illegitimate child has no right of action for damages for the death of its natural father. Revised Civil Code Article 2315. However, it is equally well settled that a dependent child, even though illegitimate, is entitled to workmen’s compensation from the employer of the father, when the father is killed' in the course of and as a result of his employment. Thompson v. Vestal Lumber & Manufacturing Company, 208 La. 83, 22 So.2d 842.
It will be observed that the foregoing rules of law afford a classic illustration of two antagonistic philosophies which have become embedded in our jurisprudence. It was the ramifications of this conflict, considered in their ultimate significance, which initially resulted in our being thrust upon the horns of a dilemma. ■■'
However, LSA-R.S. 23:1101, the Workmen’s Compensation Law, provides what we believe to be the solution. It reads:
“When an injury for which compensation is payable under this Chapter has been sustained under circumstances creating in some person (in this Section referred to as third person) other than the employer a legal liability to pay damages in respect thereto, the injured employee or his dependent may claim compensation under this Chapter and the payment or award of compensation hereunder shall not affect the claim or right of action of the injured employee oi; his dependent against such third person, nor be regarded as establishing a measure of damages for the injury; and such injured employee or his dependent may obtain damages from or proceed at law against such third person to recover damages for the injury.
“Any employer having paid or having become obligated to pay compensation under the provisions of this Chapter may bring suit against such third person to recover any amount which he has paid or becomes obligated to pay as compensation to any injured employee or his dependent.”
In our opinion it becomes clear after meditating over the provisions of LSA-R.S. 23:1101 that the defendant cannot be held liable herein merely because the plaintiff was obligated to pay compensation to the illegitimate child. The plaintiff stands in the shoes for whose account it pays. Its right or cause of action is no better than that of the dependent illegitimate child and since, in this case, she, under Article 2315 of the Revised Civil Code, has no right of action, a fortiori, the plaintiff has no right of action.
The action ’of plaintiff against the defendant is one in tort and is encompassed by and its relief, if any, is relegated to Revised Civil Code Article 2315.
In the case of Chauvin v. Louisiana Power & Light Company, 177 La. 193, 148 So. 23, 24, an 'action was instituted by the legitimate mother of the deceased against the Louisiana Power & Light Compány to recover damages for the death of her son. The third party tort-feasor urged that the plaintiff (mother of the deceased) had no cause of action because she had formally recovered compensation from her son’s employer. The court states the issue to be as follows:
“The provisions of this' act (No. 247 of 1920) are specific, clear, and without ambiguity. Under it, an injured employee may proceed against and obtain from his employer compensation and 'also proceed against and recover damages from a third person through whose fault the injury and damage arose.
*309 “The defendant concedes this. But coupled with, and as part of, its exception of no cause of action, it alleged that Act No. 247 of 1920—
“ ‘Is unconstitutional, null and void, in that said act embraces more than one object, and in that its title is not indicative of such object, all in violation of section 16 of article 3 of the Constitution of Louisiana of 1921 and that therefore the petition herein discloses no right or cause of action.’ .
“The exception of no cause and no right of action was sustained by the trial court, and plaintiff’s suit was .dismissed. From this judgment, plaintiff appealed.”
In reversing the trial court and holding that the Workmen’s Compensation Act is constitutional, for the reason that it did not change or affect the rights and obligations of third party tort-feasors, the Court said:
“Coming now to the contention made by counsel for defendant that the amending act changes or affects the rights and obligations of third persons, our conclusion is that it does not. The duties and obligations of persons who through their fault injure others to respond to the injured person in damages is fixed by article 2315 of the Civil Code. The fact that the injured’ person is an employee of another does not affect these obligations. Whether the response is to be made through an action brought by the employee or by his employer as subrogee affects neither his rights nor his obligations.”
The court further said:
“The employer paying the compensation has the same, but no greater, rights than the employee, and his action is necessarily subject to the same limitations. Such ' action as may be brotight by the employer against the third person is one in tort * *
In considering LSA-R.S. 23:1103, the court stated:
“ * * * The evident purpose of this provision is to regulate the rights of the employer and employee as between themselves to the claim for damages against the third person. It was not intended to affect the rights of the third party.” .
In the final analysis the ratio decidendi of the Chauvin case is that the Workmen’s Compensation Act is constitutional because it “affects neither his (third party tort-feasor’s) rights nor his obligations” and that “such action as may be brought by the employer against the third person is one in tort”.
In Malone’s Louisiana Workmen’s Compensation Law and Practice, at page 475, the author of that text stated:
“Irrespective of the theory upon which the employer or his insurer proceed, they can have no greater rights against the third party than those of the worker or his dependent.”
We are,' therefore, as a sequence to the foregoing case led to the conclusion that since the plaintiff’s substantive rights are identical to those of the illegitimate minor and under Revised Civil Code Article 2315, the illegitimate child has no right of-action, the plaintiff has no right of action.
It is, therefore, our opinion that the exceptions of no right or cause of action should have been maintained by the Court a qua.
For the reasons assigned the judgment appealed from is annulled, avoided and reversed and it is now ordered that there be judgment maintaining defendant’s except tions of no right or cause of action and dismissing plaintiffs suit at its cost.
Reversed.