**65 So.2d 313**

BOARD OF COM'RS OF PORT OF NEW ORLEANS v. CITY OF NEW ORLEANS By and Through PUBLIC BELT R. COMMISSION.

No. 40895.

April 27, 1953.

Eldon S. Lazarus, New Orleans, for applicant.

Michel Provosty and Michel O. Provosty, New Orleans, for respondent.

HAMITER, Justice.

The Board of Commissioners of the Port of New Orleans (sometimes referred to hereinafter as Dock Board) seeks in this cause to recover from the Public Belt Railroad Commission for the City of New Orleans (hereinafter sometimes termed Public Belt), as a third person tort-feasor, amounts paid and to be paid under the Louisiana Workmen's Compensation law to the dependent, illegitimate, minor daughter (a member of the family) of one of plaintiff's employees who died by reason of an accident occurring during the course and within the scope of his employment. Allegedly, the employee was injured on March 3, 1949, through the negligent operation of a switch engine of the Public Belt, and his death resulted therefrom on March 6, 1949.

To the petition defendant tendered exceptions of no right and no cause of action. On these being overruled it answered, denying the alleged negligence and pleading alternatively contributory negligence on the part of the employee.

Following the trial, the district court rendered judgment in favor of plaintiff, the Dock Board. Thereupon, Public Belt appealed to the Court of Appeal, Orleans Circuit.

Without passing upon the merits of the cause the Court of Appeal sustained de-

fendant's exceptions of no right and no cause of action and dismissed the suit. See La.App., 58 So.2d 306.

To review that ruling we granted the writ of certiorari on plaintiff's application.

Under the exceptions the contention is made, and the Court of Appeal held, that whatever relief the Dock Board is entitled to against Public Belt is solely in tort pursuant to LSA–Civil Code Article 2315; that any action it may have was acquired by virtue of subrogation to the rights of the employee's dependent, illegitimate child to whom it has paid and is paying compensation; that such child, in whose shoes plaintiff stands as subrogee, has no right of action for the injury to and death of her father under LSA–Civil Code Article 2315; and that therefore the Dock Board has no right of action against the Public Belt.

Indisputably, defendant's liability to this plaintiff, if any, is in tort. Moreover, there can be no question that the dependent, illegitimate child has no right to bring a tort action for the injury to and death of her father. Youchican v. Texas & P. Ry. Co., 147 La. 1080, 86 So. 551; Green v. New Orleans, S. & G. I. R. Co., 141 La. 120, 74 So. 717; Thompson v. Vestal Lumber and Manufacturing Company, 208 La. 83, 22 So.2d 842. But it does not follow that plaintiff is a mere subrogee of such dependent child, to whom

it was and is obligated to pay compensation, Thompson v. Vestal Lumber and Manufacturing Company, supra, and, as such, has no better right of action against this defendant than she.

Originally, it is noticed, the Louisiana Workmen's Compensation Act provided that an employer paying compensation to an employee or his dependent was subrogated to the rights of the recipient. Thus, Section 7 of Act No. 20 of 1914, as amended by Act No. 38 of 1918, stated in part: " * * * That when an injury for which compensation is payable under this act shall have been sustained under circumstances creating in some other person than the employer a legal liability to pay damages in respect thereto, the injured employee or his dependent may, at his option, either claim compensation under this act or obtain damages from or proceed at law against such other person to recover damages; and if compensation is claimed and awarded under this act an employer having paid the compensation or having become liable therefore shall be subrogated to the rights of the injured employee or his dependent to recover against that person, and may compromise the claim therefor in his discretion; * * *." However, these provisions were amended and reenacted by Act No. 247 of 1920, so as to eliminate any reference to subrogation in favor of the employer, and they now read, LSA–R.S. 23:1101–02, as follows:

"§ 1101. When an injury for which compensation is payable under this Chapter has been sustained under circumstances creating in some person (in this Section referred to as third person) other than the employer a legal liability to pay damages in respect thereto, the injured employee or his dependent may claim compensation under this Chapter and the payment or award of compensation hereunder shall not affect the claim or right of action of the injured employee or his dependent against such third person, nor be regarded as establishing a measure of damages for the injury; and such injured employee or his dependent may obtain damages from or proceed at law against such third person to recover damages for the injury.

"Any employer having paid or having become obligated to pay compensation under the provisions of this Chapter may bring suit against such third person to recover any amount which he has paid or become obligated to pay as compensation to any injured employee or his dependent.

"§ 1102. If either the employee or his dependent, or the employer, brings suit against a third person as provided in R.S. 23:1101, he shall forthwith notify the other in writing of such fact and of the name of the court in which the suit is filed, and such other may intervene as party plaintiff in the suit."

■ Contrary to the contention of counsel for Public Belt no legal subrogation in favor of the employer is implied by the language, contained in the first paragraph of LSA–R.S. 23:1101, referring to a "legal liability to pay damages" created in a person other than the employer. The sole purpose of the paragraph, considered as a whole, is to reserve to the injured employee or his dependent, on making claim to or receiving compensation, whatever right and cause of action he has against the third person tort-feasor. If he has none the reservation is ineffectual.

■ In the instant case, assuming for the sake of argument negligence on defendant's part that proximately caused the accident plaintiff's employee (the father of the dependent, illegitimate child) when injured had both a right and a cause of action against Public Belt under the provision of LSA–Civil Code Article 2315 which recites that "Every act whatever of man that causes damage to another, obliges him by whose fault it happened to repair it". By reason of such codal provision and as a result of defendant's actionable negligence, in other words, there was created in the defendant a legal liability to pay damages respecting the injury to the employee; and, in this connection, there existed a single cause of action against it, growing out of one tort, which the injured employee had the right to assert.

Now the death of the employee occurring before he had an opportunity to institute suit, would not necessarily and it did not effect an extinguishment of the cause of action against, or the legal liability of, Public Belt. The right to bring the action survived in favor of, and defendant's liability became enforceable by, any one specifically granted that privilege by law. Most of those so favored are listed, according to a certain order of preference, in LSA-Civil Code Article 2315; and, under that article, the single cause of action surviving is for two elements of damage, namely (1) that sustained by the injured employee and (2) that suffered by the survivors because of his death. Reed v. Warren, 172 La. 1082, 136 So. 59; Thornton v. Peak, La.App., 191 So. 182; Davies v. Consolidated Underwriters, La.App., 14 So.2d 494.

■ Of course, the employees' illegitimate, dependent child (to whom the employer is obligated to pay compensation) is not included among the beneficiaries listed in LSA-Civil Code Article 2315 or elsewhere in our law, and, being without right to assert the cause of action, nothing is reserved to her by the provisions of the first paragraph of LSA-R.S. 23:1101. But her incapacity to sue is neither expressly nor impliedly imposed on the employer from whom she receives compensation. On the contrary the compensation statute specifically grants to the employer, in the second paragraph of LSA-R.S. 23:1101,

the right to bring suit against the third person tort-feasor to recover any amount which he has paid or has become obligated to pay as compensation to the dependent. The employer, in other words, is unqualifiedly authorized to assert, to the extent of obtaining indemnification for the compensation for which he is obligated to pay, the cause of action that arose originally in favor of the employee from the third person's actionable negligence.

True, as counsel for Public Belt point out, this court has on several occasions since the 1920 amendment referred to the compensation paying employer as a statutory subrogee, particularly in Chauvin v. Louisiana Power and Light Company, 177 La. 193, 148 So. 23 and Metropolitan Casualty Insurance Company of New York v. Bowdon, 181 La. 295, 159 So. 394, 396. But in each of those cases the court was not concerned with the question presented here of the right of the employer to institute the tort action. An analysis of the opinions will disclose that therein, when observing that the employer's rights were identical with those of the employee or his dependents and subject to the same limitations, the court had in mind and was referring only to the employee's or dependent's cause of action. This is made clear in the Bowdon case by the following statement: " * * * Plaintiff's rights, if any, to recover damages from the defendants, are based upon the same or identical grounds as the widow's and minor child's. In other words, neither of these parties can

recover from the defendants unless it can be shown that the defendant, owner and driver of the automobile, was at fault in causing the accident. * * *" The decisions, therefore, are inapposite.

■ Again, defense counsel are quite critical of expressions contained in several decisions (relied on by plaintiff to support the contention that it has an independent right of action) which are to the effect that the employer and employee had separate causes of action against the tort-feasor, the cases being Foster and Glassell Company, Limited v. Knight Brothers, 152 La. 596, 93 So. 913; London Guarantee and Accident Insurance Company v. Vicksburg, S. & P. R. Co., 153 La. 287, 95 So. 771, and Smith v. McDonough, La.App., Orleans Circuit, 29 So.2d 818. As to the expressions counsel say:

"If the employer's cause of action were a separate cause of action it would be possible for the employee and the employer to bring separate actions at the same time and it would be possible for the third party to be subjected to paying twice.

"If there is a separate cause of action, there must necessarily follow that there is a double exposure."

The criticism is justified. From a single tortious injury to an employee there arises but one cause of action, as before shown; and all damages flowing therefrom, which may include several different and distinct elements, are recoverable in one and the same suit.

■ By the provisions of the compensation statute the employer paying compensation, as pointed out above, is granted an independent right to assert the cause of action through a direct suit against the tort-feasor and obtain recovery to the extent of his obligation to the employee or dependent; or he may urge his claim by way of intervention in a suit brought on the cause of action by the employee or the dependent. But, as was correctly held in Todd-Johnson Dry Docks, Inc., v. City of New Orleans, La.App., Orleans Circuit, 55 So.2d 650, 655, if and when the latter suit is instituted first by the employee or dependent and the employer does not timely intervene therein, after receiving the statutory notice, he loses all right to proceed against the tort-feasor. Incidentally, in that case the Court of Appeal clarified the criticised expression contained in the Smith decision by remarking:

"The decision of this court in Smith v. McDonough, La.App., 29 So.2d 818, cannot be interpreted as authority for the view that, when an employee is injured by the tort of a third person, there come into existence two separate claims against the tort-feasor which may be asserted in two separate actions. All that we intended to hold was that, under such situation, there comes into existence a claim for damages in favor of the injured employee,

and that in this claim there may be asserted any item of damage or loss sustained, and that there is also given to the employer the right to obtain out of the claim of the employee the amount for which he, the employer, may have become liable in compensation. * * *"

Therefore, our conclusion is that the petition of this plaintiff states both a right and a cause of action against defendant for recovery of the compensation paid and to be paid to the employee's dependent, illegitimate child, and that the exceptions should be overruled.

■ The Court of Appeal, in view of its decision on the exceptions, had no occasion to review the merits of the controversy which fall primarily within its appellate jurisdiction. Accordingly, and in the interest of better practice, the case will be remanded to that court for a consideration and determination thereof. Mataya v. Delta Life Insurance Company, 222 La. 509, 62 So.2d 817 and White v. State Farm Mutual Automobile Insurance Company, 222 La. 994, 64 So.2d 245.

·For the reasons assigned the judgment of the Court of Appeal is reversed and set aside, the exceptions of no right and no cause of action are overruled, and the case is remanded to that court for further proceedings according to law and consistent with the views herein expressed. The costs of. this writ of review are .to be paid by defendant, and all other costs shall await final determination of the litigation.