## UNITED GAS CORP. v. GUIL-LORY et al.

### No. 14359.

United States Court of Appeals
Fifth Circuit.

Oct. 6, 1953.

John M. Madison, Shreveport, La., Oliver P. Stockwell, Lake Charles, La., for appellant.

Milton L. LeBlanc, Jr., New Orleans, La., John A. Hickman and Fred C. Selby, Lake Charles, La., for appellees.

Before HOLMES, STRUM and RIVES, Circuit Judges.

RIVES, Circuit Judge.

Upon original hearing we construed the Louisiana Statute, Louisiana Statutes Annotated–R.S. 23:1101–1103, providing for the recovery from a third person tort-feasor by an employer who had paid compensation as providing "a kind of legal subrogation" whereby the employer was simply enforcing the rights of the employee. We held that the third person tort-feasor had no right to plead

in defense contributory or concurrent negligence on the part of the employer. Upon petition for rehearing, the appellant calls to our attention the opinion of the Supreme Court of Louisiana in a case reported after this case was argued and which was not considered on the original hearing, Board of Commissioners v. City of New Orleans, 223 La. 199, 65 So.2d 313.

In that case the compensation was being paid to the dependent, illegitimate, minor daughter of a deceased employee, and, under Louisiana law, the illegitimate child had no right to bring a tort action for the injury to and death of her father. The Supreme Court of Louisiana held, nevertheless, that the employer "is unqualifiedly authorized to assert, to the extent of obtaining indemnification for the compensation for which he is obligated to pay, the cause of action that arose originally in favor of the employee from the third person's actionable negligence." 65 So.2d at page 316. In reaching that conclusion the Louisiana Court negatived the theory that the employer was legally subrogated to the rights of the injured employee or his dependent, and instead said that the provisions of the compensation statute granted to the employer "an independent right to assert the cause of action through a direct suit against the tort-feasor and obtain recovery to the extent of his obligation to the employee or dependent; or he may urge his claim by way of intervention in a suit brought on the cause of action by the employee or the dependent." 65 So.2d at page 317.

Pointing to the doctrine of unjust enrichment firmly embedded in the civil law of Louisiana [See Louisiana Statutes Annotated–Civil Code, Article 1965], appellant contends that the employer should not be permitted to profit by his own wrong in causing or contributing to the employee's injury, and, hence, that the third person tort-feasor should have the right to plead in defense to the claim of the employer or his insurance carrier the contributory or concurrent negligence of the employer.

That argument involves, or so it seems to us, a *non sequitur.* Because of the employer's fault it does not follow that the third person tort-feasor should not respond in full for the damages to the injured employee. If the employer or his insurance carrier is not entitled to be reimbursed, the damages are nevertheless due to be paid to the injured employee. The principle is well settled in Louisiana that an injured employee "who sustains a loss as the result of the negligence of another may recover the full amount of his loss from the tort-feasor, even though the loss is partially or wholly made good by an insurer." De Roode v. Jahncke Service, La.App., 52 So.2d 736, 744.

As said in Todd-Johnson Dry Docks v. City of New Orleans, La.App., 55 So.2d 650, 657:

"The conclusion is inescapable that since that statute provides that the employee may proceed against the tort-feasor and may claim the entire amount of damages with the right in the employer to intervene, if the employer sees fit to do so, the necessary result is that if the employer does not intervene he loses all right to proceed against the tort-feasor. If he does not intervene, his right to claim reimbursement from the employee out of such damages as the employee may recover possibly may not be affected, but this right of the employer to claim reimbursement from the employee must be exclusively against the employee and cannot any longer be effective against the tort-feasor."

Under the Louisiana Statute, it appears to us that the third person tort-feasor is liable to the injured employee or to the employer, one or both, for the full amount of the damages suffered, and has no interest in how the proceeds of the judgment are distributed. If anyone is entitled to complain in this case, it is the injured employees, and they make no complaint.

The petition for rehearing is therefore Denied.