UNITED STATES FIDELITY & GUARANTY CO. *v.* HIGDON, ADMR.

No. 40966          February 23, 1959          109 So. 2d 329

386

*Farish, Keady & Campbell,* Greenville, for appellant.

*Jas. T. Bridges, Montgomery & Varnado,* Belzoni, for appellee.

ARRINGTON, J.

This appeal involves the question of who is entitled to the proceeds of a settlement of a claim against a third

party tort feasor under Section 30 of the Workmen's Compensation Act (Section 6998-36, Mississippi Code of 1942).

The facts, which are not in dispute, are as follows: On September 28, 1956, John Nixon, an employee of Bellewood Gin Company, Inc., was accidentally killed while in the course of his employment as the result of a third party's negligence. On October 3, 1956, the United States Fidelity and Guaranty Company, insurance carrier for the employer, asked for a hearing before the Mississippi Workmen's Compensation Commission to determine the person or persons entitled to death benefits under the act. On February 4, 1957, the attorney-referee, at the conclusion of the hearing, denied the claim of the deceased's legal widow, Aline Sutherland Nixon, and found that Betty Jo Williams, was born on November 16, 1950, in the home of deceased, and was given to deceased and the woman living with him, Virginia Reed Nixon, by the child's mother; that this child was supported by the deceased and was living with them at the time of his death; that the deceased stood in the place of a parent to Betty Jo Williams for at least one year prior to the time of his death and that she, as a child of deceased under the Workmen's Compensation Law, was entitled to death benefits. The order of the attorney-referee was affirmed by the full Commission on July 1, 1957, and thereafter became final.

Subsequently, on July 24, 1957, the Chancery Court of Humphreys County appointed J. C. Higdon administrator of the estate of John Nixon, deceased, and authorized suit to be filed against the third party for the wrongful death of deceased, and entered an order authorizing the administrator to employ attorneys. On July 31, 1957, suit was filed against the third party. An amendment alleged that the deceased left surviving him a wife, mother and sister. Notice under Section 30, supra, was given to the carrier, United States Fidelity & Guaranty Com-

pany, of the intention to file suit, and on August 22, 1957, the carrier filed petition to intervene, setting out that the intervenor was adjudged to be liable for compensation benefits as the result of the death of deceased, and that the intervenor has paid as follows:

Payment into the second injury fund_____$150.00
Funeral Expenses _____ 350.00
Medical Expenses for Decedent_____ 52.55

The intervenor is also liable for the sum of $13.32 per week for a period not to exceed 450 weeks, or $8,600, whichever sum shall be lesser in amount, to Virginia Reed Nixon for the use and benefit of Betty Jo Williams, child of deceased, John Nixon, and as of August 15, 1957, it had paid compensation for 44 weeks at $13.32 per week, or a total of $586.08, making total payments up to August 15, 1957 of $1,038.63. In addition thereto, the intervenor remains liable to continue the payments of $13.32 for a period of 406 additional weeks, making total payments to hereafter accrue of $5,407.92.

The intervenor also claimed that it was entitled under Section 30 (Sec. 6998-36, Code of 1942) to collect out of the recovery from the third party so much thereof, less reasonable cost of collection, as was necessary to discharge its liability as carrier for the Bellewood Gin Company before any distribution is made of the balance to the administrator of the estate of the deceased. The suit was settled and a judgment entered for $4,000. Of this amount, the court ordered $2,000 to be paid to the attorneys representing the administrator and that the intervenor be paid the sum of $552.55, the amount heretofore expended for the second injury fund, funeral expenses, and medical payments, and that the petition be dismissed as to all payments made or to be made to or for the benefit of Betty Jo Williams. The remaining amount of $1447.45 is to be impounded by the circuit clerk pending the outcome of this appeal.

From this judgment the insurance carrier, United States Fidelity and Guaranty Company, appeals, contending that the court erred in not allowing it the entire $2,000 for reimbursement of sums paid and to be paid under the Workmen's Compensation Act. The appellee cross-appeals, contending that the court erred in allowing the carrier $350 for funeral expenses and $52.55 for medical expenses, in other words, that the carrier was entitled only to the sum of $150 paid into the second injury fund.

The appellant argues that the wrongful death statute, Section 1453, Mississippi Code of 1942, has been amended by the passage of Section 30 (Section 6998-36, Code of 1942) of the Workmen's Compensation Act in that it provides for a right of recovery by the employer or insurance carrier against a third party responsible for the injury and death of an employee for all payments made under the act; and that its right of reimbursement is paramount to the claims of all beneficiaries under the wrongful death statute. The wrongful death statute vests a cause of action in the next of kin for the wrongful or negligent act which results in death. It provides in part that "damages for the injury and death of a married man shall be equally distributed to his wife and children, and if he has no children, all shall go to his wife."

The deceased left a wife, Alene Sutherland Nixon, and had no children, therefore, she was the sole beneficiary under the suit filed by authority of the chancery court. Betty Jo Williams, the dependent child and compensation beneficiary, was neither a relation nor an heir at law of the deceased, and was never adopted by the deceased, and, therefore, had no rights under the wrongful death statute. If the widow, Alene Sutherland Nixon, was a compensation beneficiary, then the carrier would be subrogated to her rights and would be entitled to the proceeds of this judgment. Richardson v. United States Fidelity & Guaranty Co., 102 So. 2d 368. Section

30 (Section 6998-36, Code of 1942) is set out in full, as follows:

"Compensation for injuries where third parties are liable.—The acceptance of compensation benefits from or the making of a claim for compensation against an employer or insurer for the injury or death of an employee shall not affect the right of the employee or his dependents to sue any other party at law for such injury or death, but the employer or his insurer shall be entitled to reasonable notice and opportunity to join in any such action or may intervene therein. If such employer or insurer join in such action they shall be entitled to repayment of the amount paid by them as compensation and medical expenses from the net proceeds of such action (after deducting the reasonable costs of collection) as hereinafter provided.

"The commencement of an action by an employee or his dependents (or legal representative) against a third party for damages by reason of the injury, or the adjustment of any such claim, shall not affect the right of the injured employee or his dependents (or legal representative) to recover compensation, but any amount recovered by the injured employee or his dependents (or legal representative) from a third party shall be applied as follows: Reasonable costs of collection as approved and allowed by the court in which such action is pending, or by the commission of this state in case of settlement without suit, shall be deducted; the remainder, or so much thereof as necessary, shall be used to discharge the legal liability of the employer or insurer, and any excess shall belong to the injured employee or his dependents. The employee or his dependents bringing suit against the third party must notify the employer or carrier within fifteen days of the filing of such suit.

"An employer or compensation insurer who shall have paid compensation benefits under this act for the injury or death of the employee shall have the right to maintain

an action at law against any other party responsible for such injury or death, and in the name of much injured employee or his beneficiaries, or in the name of such employer or insurer, or any or all of them. If reasonable notice and opportunity to be represented in such action by counsel shall have been given to the compensation beneficiary, all claims of such compensation beneficiary shall be determined in such action, as well as the claim of the employer or insurer. If recovery shall be had against such other party, by suit or otherwise, the compensation beneficiary shall be entitled to any amount recovered over and above the amount that the employer and insurer shall have paid or are liable for in compensation or other benefits, after deducting the reasonable costs of collection.

"In case of settlement of any action before the trial thereof, such settlement shall be subject to the approval of the court wherein such action is pending, and settlement before an action is brought shall be subject to the approval of the commission. Distribution of the portion belonging to the dependents shall be made among such dependents in the manner provided for in this act.

"In case of liability of the employer or insurer to make payment to the state treasury under the second injury fund provisions, if the injury or death creates a legal liability against a third party, the employer or insurer shall have a right of action against such third party for reimbursement of any sum so paid into the state treasury, which right may be enforced in the action heretofore provided for or by an independent action."

██ ██ The appellant argues that this section secures to the employer or insurer reimbursement for all compensation and other benefits paid in any action against a negligent third party responsible for the death of the employee; that the legislature provided the employer-insurer shall first be made whole before allowing any part of the recovery to vest in other beneficiaries under the

wrongful death statute. Analyzing the act, we think it is clear that it was the intent and purpose of the legislature to provide that where a compensation beneficiary was also a beneficiary under the wrongful death statute, that the employer or carrier was entitled to reimbursement of all sums paid or to be paid to the compensation beneficiary—in other words, that there would not be a double recovery by the compensation beneficiary.

In paragraph two, it provides that where recovery has been made that it shall be applied as follows: ''. . . . the remainder, or so much thereof as necessary, shall be used to discharge the legal liability of the employer or insurer, and any excess shall belong too the injured employee or his dependants.''

The appellant emphasizes paragraph three of the act, as follows: ''An employer or compensation insurer who shall have paid compensation benefits under this act for the injury or death of the employee shall have the right to maintain an action at law against any other party responsible for such injury or death. . . .'' This paragraph continues to read: ''. . . all claims of such compensation beneficiary shall be determined in such action as well as the claim of the employer or insurer. If recovery shall be had . . . ., the compensation beneficiary shall be entitled to any amount recovered over and above the amount that the employer and insurer shall have paid or are liable for in compensation or other benefits after deducting the reasonable cost of collections.'' As pointed out above, the compensation beneficiary in this case had no rights or cause of action under the wrongful death statute. The employer or carrier being subrogated under the statute can have no greater right against the third party than those of the employee or his dependents.

In 101 C. J. S., Section 1009, page 540, it is said: ''The employer or insurer stands in the position of the employee, or of the personal representative or dependents of a deceased employee, under provisions of compensa-

tion acts for the subrogation of, assignment to, or enforcement of rights by, the employer or insurer, and also under a conventional subrogation.

"An employer occupies no better position than the employee would have occupied if he had sued. The employer or insurer, to whom the employee's cause of action is transferred, acquires such rights, and only such rights, against a third person as the injured employee or his dependents or personal representative of a deceased employee would have against the third person."

Although the statutes in the various states are not uniform, as to the actions against third parties, the purpose is to reimburse the employer or insurer in actions against third parties, whether it be called subrogation, assignment, or indemnity. Although the statute in New York is different from our statute, we quote from the case of Zirpola v. T. & E. Casselman, Inc., et al., 237 N. Y. 367, 143 N. E. 222, as we think the reasoning is applicable here:

"We think the cause of action against third parties for the benefit of next of kin is unchanged by the Compensation Act except to the extent that the act substitutes the carrier, upon the execution of appropriate assignments, to the distributive shares of next of kin who claim as dependents also. The Compensation Act did not create a new cause of action against wrongdoers other than the employer with a new class of beneficiaries. It found a cause of action already in existence, and assuming that this cause of action would continue in the future, it fixed the extent to which the shares that belonged too the dependents should be applied in reduction of the burdens that were placed upon the carrier. Those entitled to death benefits might elect to take the benefits at once, in which event they were to subrogate the carrier to the extent of their interest in whatever rights of action they had against persons other than the employer. They might elect to resort in the first instance to their remedy

against others, in which event, if they made claim thereafter for death benefits payable by the employer, they were to credit what they had collected, and be confined to the deficiency. The end to be attained is readily perceived. There was to be no duplication by the same persons of remedies under the two statutes, the old one and the new. * * * The Workmen's Compensation Act regulates the relation, not between a workman and the world at large, but between workman and employer. It does indeed wipe out the right of action against the employer, whether in favor of the workman himself or in favor of his personal representatives for the benefit of next of kin. * * * In doing this, it charges the employer with liabilities of a different order. It leaves untouched, on the other hand, the duties and liabilities of wrongdoers outside of the relation which it regulates, and contents itself with guarding against a duplication of benefits by appropriate provisions for subrogation or allowance. A dependent who is also within the class of next of kin may get his distributive share under the old act and thereafter his benefits under the new one, but what he gets upon the first, he must credit upon the second.''

The appellant further contends that under Section 30 of the Act, the express language plainly requires the use of the amount of the recovery under the wrongful death statute to indemnify the employer or carrier. We do not agree with this argument. We think that the Act is plain and unambiguous and that it does not amend Section 1453, supra, the wrongful death statute, to the extent that the share of a beneficiary under the death statute who is not a compensation beneficiary should be used to reimburse the employer or insurance carrier. Neither do we agree that the act adds new beneficiaries to the wrongful death statute such as the dependent in this case, who clearly has no rights under the wrongful death statute. Repeals by implication are not favored under the law, and clearly the legislature

did not intend to amend by implication a statute which has been in effect for more than a hundred years by adding new beneficiaries. In Booze v. Cresswell, 117 Miss. 795, 78 So. 770, syllabus 3 is as follows:  ██ █ "The only means by which a statute can be amended if the constitutional requirements are to be observed is to specifically mention in the amending act the statute to be amended."

Looking at the whole Act, we think that the intent and purpose of the legislature is clear and that the act is plain and unambiguous. In Wilson v. Yazoo & M. V. R. Co., 192 Miss. 424, 80 So. 2d 313, this Court held:

"No principle is more firmly established, or rests on more secure foundations, than the rule which declares when a law is plain and unambiguous, whether it be expressed in general or limited terms, that the Legislature shall be deemed to have intended to mean what they have plainly expressed, and, consequently, no room is left for construction in the application of such a law. The intention and purpose of the Legislature is to be deduced from the whole and every part of the statute taken together—from the words and context—and such a construction adopted as will best effectuate the intention of the lawgiver. Koch v. Bridges, 45 Miss. 247, 257, 258, 259, 261; Roseberry v. Norsworthy, 135 Miss. 845, 100 So. 514; Dresser v. Hathorn, 144 Miss. 24, 109 So. 23, 29; Johnston v. Reeves & Co., 112 Miss. 227, 72 So. 925, 927; Henderson v. Blair, 102 Miss. 640, 59 So. 856; Universal Life Ins. Co. v. Catchings, 169 Miss. 26, 152 So. 817, 819; Virden v. State Tax Commission, 180 Miss. 467, 177 So. 784, 785; Alexander v. Graves, 178 Miss. 583, 173 So. 417, 419; and Mississippi Cottonseed Products Co. v. Stone, 184 Miss. 409, 184 So. 428, 431."

██ █ We think that Section 30 of the Act was predicated upon the assumption that a compensation beneficiary would also be a beneficiary under the wrongful death statute. To uphold the contentions argued by appellant

would not only amount to judicial amendment of the wrongful death statute, but would in effect repeal the statute in a large number of cases where a compensation beneficiary was involved.

It follows that the case is affirmed on direct appeal and reversed and judgment here for appellee on cross-appeal.

Affirmed on direct appeal; reversed and judgment here for appellee on cross-appeal.

*McGehee, C. J.,* and *Roberds, Hall, Lee, Kyle* and *Holmes, JJ.,* concur. *Ethridge* and *Gillespie, JJ.,* dissent.

ETHRIDGE, J., Dissenting:

I do not see how the Legislature could state more clearly than it has in Section 30 of the Workmen's Compensation Act that the employer and his insurance carrier have an independent right of action and claim to be indemnified by a third party tort-feasor. Miss. Code 1942, Section 6998-36. In my view the controlling opinion interprets Section 30 contrary to the manifest legislative intent, and reaches a result which deprives the employer or carrier in the circumstances of any indemnification from a third party who has negligently killed an employee. The majority decision is placed necessarily upon a subrogation theory. Yet Section 30 says nothing whatsoever about subrogation. It grants to an employer or his compensation insurance carrier an independent claim and right against the tort-feasor, irrespective of whether the compensation dependent of the deceased employee would otherwise have a right of action under the wrongful death statute. Miss. Code 1942, Section 1453.

The issue is whether an employer or compensation insurance carrier is entitled to be reimbursed under Section 30 for compensation payments made by them to a dependent who is not the next of kin of the deceased employee under the wrongful death act, from proceeds of a judgment against a third party tort-feasor. There is no

question that the Legislature has the power to provide for such indemnification. A right to sue for causing death is purely a creature of statute. So the answer must be determined from a reading of Section 30. It states that the employer or insurer "shall be entitled to repayment of the amount paid by them as compensation." It further says that "any amount recovered by the injured employee or his dependents (or legal representative) from a third party shall be applied" by first paying reasonable costs of collection, and "the remainder, or so much thereof as is necessary, shall be used to discharge the legal liability of the employer or insurer."

Section 30 again states that the employer or compensation carrier "shall have the right to maintain an action at law against any other person responsible for such injury or death", in the name of the employee's beneficiaries or in their own name. The last paragraph of Section 30 further gives the employer or insurer a right of action against the third party for payments made by them into the second injury fund, "which right may be enforced in the action heretofore provided for or by an independent action." In brief, Section 30 provides several times in the first three paragraphs that the employer or carrier have a right of action for indemnity against the negligent third party. It does not limit the carrier's claim to subrogation by statutory assignment. That theory, with deference, is read into the statute by the majority opinion.

Complex and lengthy statutes are often subject to varying interpretations, but the legislative intent here could not be more clearly stated: It is to vest in the employer and carrier a right of action against and of indemnity from a third party tort-feasor, for compensation payments it has made to a dependent of a deceased employee. The right exists whether or not the dependent has a cause of action under the wrongful death statute.

The provisions of Section 30 are *sui generis*. They are not like those of any other third party act. So the decisions from other states are, in general, not controlling or even persuasive. The Mississippi statute controls. Many states give an injured employee or his next of kin an election to claim under either workmen's compensation or in tort. New York had a provision of this type. It was applied in Zirpola v. T. & E. Casselman, Inc., 237 N. Y. 367, 143 N. E. 222 (1924), which is quoted at length by the controlling opinion as being persuasive in its reasoning. However, *Zirpola* was based upon an entirely different statute. Illinois and Maryland, with statutes somewhat similar to that of Mississippi, affirm the employer's right to be indemnified under the present circumstances. Storrs v. Mech, 166 Md. 124, 170 A. 743 (1934); In Re Shield's Estate, 320 Ill. App. 522, 51 N. E. 2d 816 (1943).

Board of Commissioners of Port of New Orleans v. City of New Orleans, 223 La. 199, 65 So. 2d 313 (1953), reversing the Court of Appeals in 58 So. 2d 306, is perhaps the most recent case dealing with the employer's right to indemnity from a third party, even though the deceased employee's dependent has no right of action under the wrongful death statute. The Supreme Court of Louisiana held that the right to bring the suit was specifically granted by statute. The dependent's incapacity to sue is neither expressly nor impliedly imposed on the employer from whom she received compensation. It was said: ''By the provisions of the compensation statute the employer paying compensation, as pointed out above, is granted an independent right to assert the cause of action through a direct suit against the tort-feasor and obtain recovery to the extent of his obligation to the employee or dependent.'' Malone, Louisiana Workmen's Compensation Law and Practice (1951), Section 367, Supp., discussing this case at length, recognizes that it ''reaches a fair and equitable conclusion. A wrongdoer,

not the blameless employer, should ultimately bear the cost of compensation'' for the dependent.

The majority opinion places squarely the loss upon the employer or insurer, and not the wrongdoer. It does this upon a subrogation theory which is never mentioned in the statute. So far these reasons I must dissent.

GILLESPIE, J., joins in this dissent.