Betty Sue SANDERS, a minor eighteen (18) years of age who sues by and through her mother and next friend, et al., Plaintiffs,

v.

HERTZ EQUIPMENT RENTAL CORPO-RATION et al., Defendants and Third Party Plaintiff,

v.

F. W. WOOLWORTH CO., a corporation, Third Party Defendant.

Civ. A. No. 6761–71–P.

United States District Court,
S. D. Alabama, S. D.

March 3, 1972.

Robert L. Byrd, Jr., Mobile, Ala., John W. Johnson, Jr., Lanett, Ala., for plaintiffs.

Richard W. Vollmer, Jr., Sidney H. Schell, W. Boyd Reeves, Mobile, Ala.,

Frank L. Bell, Pensacola, Fla., for defendants.

PITTMAN, Chief Judge.

This cause having come on for hearing on the Motion for Summary Judgment filed on the 9th day of December, 1971, by Betty Sue Sanders, a dependent minor of Roy Gene Sanders, who sues by and through her mother and next friend, Betty Sanders Moore; and David Sanders (hereinafter referred to as Cross-Party Plaintiffs) seeking a Summary Judgment on the Cross-Claim filed by them on the 14th day of September, 1971, against Ted Lee Shockley, a minor seventeen (17) years of age; Raymond Anthony Shockley, a minor sixteen (16) years of age; Norman Glenn Shockley, a minor fifteen (15) years of age; Warren Jeffery Shockley, a minor nine (9) years of age; and Sarah Nell Sanders (hereinafter referred to as Cross-Claim Defendants), and said Motion having been presented to the court on the pleadings, and the stipulation attached to said Motion as Exhibit "A", and the stipulation made in open court that Plaintiff's claim against the Defendant has been settled for $90,000.00, such sum to be paid to the Clerk of this Court; and that the subrogation carrier for F. W. Woolworth Co., Travelers Insurance Company, has paid compensation benefits in the sum of $3,000.00.

FINDINGS OF FACT

1. On December 1, 1970, Roy Gene Sanders sustained injuries resulting in his death while operating a defective cleaning machine in the line and scope of his employment as an employee of F. W. Woolworth Company. As an employee of F. W. Woolworth Company, Roy Gene Sanders was subject to the Workmen's Compensation Act of the State of Alabama at the time of his death. The machine Roy Gene Sanders was operating at the time of his death had been leased from Hertz Equipment Rental Corporation by F. W. Woolworth Company.

2. The action in which this Cross-Claim is filed was instituted to recover

damages for the wrongful death of the said Roy Gene Sanders, which wrongful death in said action is alleged to have been the direct and proximate result of the negligence of the said Hertz Equipment Rental Corporation, and such action has now been settled for $90,000.00.

3. Betty Sue Sanders is now a minor eighteen (18) years of age but was a minor under eighteen (18) years of age at the time of decedent's death, and is the natural daughter of Roy Gene Sanders, and David Sanders is over the age of twenty-one (21) years, and is a natural son of Roy Gene Sanders. The above named children being the only natural children born to the said Roy Gene Sanders.

4. Sarah Nell Sanders is the widow of Roy Gene Sanders, and Ted Lee Shockley, a minor seventeen (17) years of age, Raymond Anthony Shockley, a minor sixteen (16) years of age, Norman Glenn Shockley, a minor fifteen (15) years of age, and Warren Jeffery Shockley, a minor nine (9) years of age, are each stepchildren and dependents of the said Roy Gene Sanders living in the same household with Roy Gene Sanders at the time of his death.

## CONCLUSIONS OF LAW

Under the facts as above determined by this court, there is no genuine issue of fact for determination by the court, and the sole issue of law for determination by this court is whether the proceeds to be recovered under the original complaint filed in this action shall be distributed to decedent's widow and two (2) natural children under the descent and distribution statute of the State of Alabama as codified in the Code of Alabama, Title 16, Section 10, as directed in wrongful death actions as created by the Code of Alabama, Title 7, Section 123; or should the recovery be distributed to the dependents of the decedent, the Cross-Party Defendants, under the provisions of the Workmen's Compensation Act as codified in the Code of Alabama, Title 26, Section 283.

The only Alabama case cited by the parties to this action which expressly considers the distribution of proceeds recovered in a third party death action, as between dependents, heirs at law, and a Workmen's Compensation insurance carrier, when the decedent was covered by the Workmen's Compensation Act, and was killed under such circumstances as to impose liability on a third party, is Georgia Casualty Co. v. Haygood, 210 Ala. 56, 97 So. 87 (1923). In that case, the amount of recovery against the third party was less than the sum which the insurance carrier was subrogated to, and the court held the carrier was entitled to the entire amount of such lesser sum.

It is noted that in Georgia Casualty Co. v. Haygood, *supra,* the Alabama Court relied heavily on the New York case of Travelers' Ins. Co. v. Louis Padula Co., 224 N.Y. 397, 121 N.E. 348 (1918). The New York Court recognized the limited field of application of that case in Zirpola v. T. & E. Casselman, Inc., 237 N.Y. 367, 143 N.E. 222 (1924), and held that in this latter case that in the apportionment of the proceeds of a recovery against a third party, the Workmen's Compensation Act did not affect the rights of next of kin who did not take benefits under the Workmen's Compensation Act.

As no Alabama cases directly construing the provisions of the Alabama Workmen's Compensation Act, as applied to the facts in this case, have been found, this court will look to the construction placed on the Minnesota Act. As it was held in Swift & Co. v. Rolling, 252 Ala. 536, 42 So.2d 6 (1949), the Alabama Workmen's Compensation statute was modeled after that of Minnesota "and we have many times observed that the settled construction of the Supreme Court of that state is 'persuasive that our Legislature intended to adopt it as construed in the jurisdiction from which it was borrowed'."

The same issue that is now before this court was presented to the Minnesota Court in Joel v. Peter Dale-Garage, et al., 206 Minn. 580, 289 N.W. 524 (1940),

and that court held the proceeds of a third party action should be distributed under the wrongful death act of that state and not under the provisions of the Workmen's Compensation Act.

The issue of the rights of heirs at law under Homicide Statutes, as opposed to the rights of dependents under Workmen's Compensation Acts, has received much judicial consideration in cases involving the subrogation rights of parties making payment under Workmen's Compensation. In these cases the courts have had to determine the same issue as is now before this court, viz.: Will the provisions of the Compensation Act be construed in such a manner as to disinherit the heirs at law of a decedent simply because he was subject to a Compensation Act at the time of his death. The courts have refused to so construe the Compensation Acts. See Reidy v. Old Colony Gas Co., 315 Mass. 631, 53 N.E. 2d 707 (1944); Breitwieser v. State, 62 N.W.2d 900 (North Dakota); United States Fidelity & Guaranty v. Higdon, 235 Miss. 385, 109 So.2d 329 (1959); Buzynski v. County of Knox, 159 Me. 52, 188 A.2d 270; Prudential Ins. Co. of America v. Laval, et al., 131 N.J.Eq. 23, 23 A.2d 908.

It further appearing to the court that the maximum death benefits payable under the Alabama Workmen's Compensation Act is $20,000.00 (Code of Alabama, Title 26, Section 289) and that in determining the amount of benefits a widow is to receive under the Act it is provided that where there are more than three dependent children that the widow is to receive 65% of the average weekly earnings, whereas, if there were no dependent children she would receive 45% of the average weekly earnings of the decedent (Code of Alabama, Title 26, Section 283) and it further appearing that the court under said section has a right to apportion such award.

There being no genuine issue of fact for trial, the court concludes that Cross-Party Plaintiffs are entitled to a summary judgment.

It is therefore ordered, adjudged, and decreed that the proceeds of the settlement of this action in the sum of $90,000.00 be distributed as follows:

1. The Travelers Insurance Company have and recover the sum of $3,000.00.

2. Sarah Nell Sanders, for the use and benefit of the minors Ted Lee Shockley, Raymond Anthony Shockley, Norman Glenn Shockley and Warren Jeffery Shockley, have and recover the sum of $3,000.00.

3. Betty Sue Sanders have and recover the sum of $28,666.66.

4. David Sanders have and recover the sum of $28,666.66.

5. Sarah Nell Sanders have and recover the sum of $26,666.68.

The costs of these proceedings are hereby taxed against Betty Sue Sanders and David Sanders.